JANUARY TERM, 1895. 317

W. A. West, Admx., etc., v. Robt. Reynolds et al.—Opinion of Court.

WINNIE ANN WEST, ADMINISTRATRIX, ETC., AP-
PELLANT, VS. ROBERT REYNOLDS, ET AL., APPEL-
LEES.

1. A complainant should state the right, title or claim upon which
he relies for relief with accuracy and clearness, and there-
should be certainty in the averment of title in order that the-
defendant may have distinct information of the nature of the
case which he is called upon to meet.

2. Where a bill is brought by the next friend of a party and it is not
shown that such party is a minor or married woman, or other-
wise entitled to sue by next friend, and there is great uncer-
tainty in the allegations of the bill as to whether such party has,
any interest whatever in the subject-matter of the suit, a de-
murrer to the bill should be sustained.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the-
court.

*M. C. Jordan*, for Appellant.

No appearance for Appellees.

MABRY, C. J.:

This suit was commenced by bill in equity filed by:
Robert Reynolds, and Annie Reynolds, by her next
friend, Stephen E. Foster, against Winnie Ann West.:
The bill alleges that Cornelius West, deceased, was at-
the time of his death possessed of considerable real.
and personal property in Duval county, Florida; that
Cornelius West died intestate on the 18th day of Jan-
uary, 1865, leaving Winnie Ann West, his widow, and.
Annie Roberts, William West and Matilda Roberts,.
his children, and in January, 1866, letters of adminis-
tration on the estate of said decedent were granted to-

the widow, Winnie Ann West; that as such administratrix she has taken possession of all the goods, chattels, rights and credits of said deceased, and has received certain sums of money in respect of debts which were owing to said decedent at the time of his death. Further, that the assets of said decedent which came to the hands of defendant were much more than sufficient to pay all the debts and funeral expenses of the deceased, and defendant has or ought to have paid the same; that she has never accounted to the court of probate for any of her acts and doings in regard to said estate, and has never made any settlement thereof; but, on the contrary, it is charged that she has wasted the said estate and appropriated the same to her own personal use in fraud of the rights of complainants; that defendant had in her hands a large surplus or residue in respect to the intestate's real and personal estate, which is divisible, and ought to be divided amongst the complainant Annie Reynolds and the said above named children of decedent, or their representatives entitled to the same; that complainant Annie Reynolds has applied to defendant for an account of the estate of said intestate, and to have the residue thereof divided amongst said complainant, and said other heirs named, but defendant has refused to do so. Complainants further aver that to the best of their knowledge, information and belief, after diligent inquiry, none of the said above named heirs, save the said Annie Reynolds, are now living, nor the issue of any of them, and so it is, your orators allege and claim, that the said Annie Reynolds is the sole surviving heir of the said intestate, save and except the said defendant. It is also alleged that the county court, constituted as a court of probate, has not sufficient power to enforce the rights of the complainants as set forth in

their bill, and without the intervention of the Circuit Court complainants were remediless in the premises. The bill prays that an account may be taken of the real and personal property of the estate that went into the hands of the defendant, and that the estate be administered under the direction of the court; that an account be taken of the debts and funeral expenses of the intestate, and the residue be paid to Annie Reynolds and the other named heirs, if they be living, or, if dead, their legal or personal representatives, if such there be, in such proportions as each may be entitled to according to law. There was also a prayer for process.

A demurrer to the bill was overruled, and defendant answered. It is admitted in the answer that Cornelius West died about the time alleged in the bill, and that defendant was appointed administratrix of his estate; that she, as such administratrix, took possession of the goods, chattels and estate of the deceased, consisting of two hundred and forty acres of land and a small amount of household goods, as would appear by the appraisement list on file in the office of the judge of probate for Duval county, but it is alleged that she received no sums of money in respect to any debts which were owing the estate of deceased. It is further alleged in the answer that defendant made and filed an account of said estate, and which was then on file in the office of the probate judge of said county; that defendant did not then have, and had never had, a large surplus of the said estate; that she was unable to keep up the taxes on the said real estate, and the same was sold for taxes in 1873 or 1874, and has ever since been out of her custody or control, and that she then had nothing of any nature in her hands belonging to

said estate, and had not had since the sale of the land for taxes.

In addition to the foregoing it is averred that the cause of action, if any existed, arising to complainants by reason of the allegations of the bill, did not accrue within twenty years before the bill was filed.

The case was set down for hearing on bill and answer, and the court decreed that the defense on the ground of the alleged bar of twenty years was not good, and that as it appeared from the admissions in the answer, that defendant had suffered a *devastavit* in permitting the real estate mentioned to be sold for non-payment of taxes, complainants were entitled to recover from defendant the value of the said lands at the time of the sale, with legal interest to the date of the final decree.

The cause was referred to a special master to take an account as to the value of the land admitted to belong to the estate, and which was sold for non-payment of taxes. The master reported that two hundred acres of the land were worth $200, and forty acres, being the home place of the deceased, were worth $200, making a total value of the land in 1873 and 1874 of $400. The testimony reported by the master shows that forty acres of the land composed the homestead of Cornelius West at the time of his death, but there is no proof as to the death of his children, or who were his heirs at law, further than what is disclosed by the pleadings. The court confirmed the master's report and decreed that complainants were entitled to the sum of four hundred dollars, the value of the land, and interest on the same from the first of January, 1875, at eight per cent., making the further sum of four hundred and forty-eight dollars. Defendant appealed.

Several objections are urged upon this appeal to the proceedings in the court below, one of the objections being that neither the allegations in the bill, the answer nor testimony, furnish any basis for the decrees, interlocutory or final, rendered in the cause. Under this objection it is insisted that the demurrer to the bill was improperly overruled. We have concluded that this objection is well taken, and that the court was in error in not sustaining the demurrer to the bill. A complainant should state the right, title or claim upon which he relies for relief with accuracy and clearness. The rule is well settled that there must be certainty in the averment of the title upon which a bill is founded, in order that the defendant may have distinct information of the nature of the case which he has been called upon to meet. Houghton vs. Reynolds, 2 Hare, 264; Storey's Equity Pleading, sec. 242.

In respect to the right or interest of complainants to maintain the suit, the bill is very indefinite and uncertain. In the first place, the suit is by the next friend of Annie Reynolds, and it is nowhere alleged, or even shown, that she is a married woman, a minor, or in any way incapacitated to sue in her own name. Robert Reynolds is not alleged or shown to be her husband, or to have any interest in any way in the subject-matter of the suit. And in addition to the failure of the bill to show any right to have the suit maintained in the name of a next friend of Annie Reynolds, there is great uncertainty as to whether she has any interest in the estate of which an accounting is asked in the bill. It is distinctly alleged that the deceased left surviving him his widow, Winnie Ann West, and Annie Roberts, William West and Matilada Roberts, his children. It is not alleged that Annie Reynolds was a

child of the deceased, and from the distinct allegation that he died leaving the three children named, it would appear that Annie Reynolds was not one of them. It may be that she is the same person as Annie Roberts, but we can not assume that such is the case in the absence of any allegation to that effect.

The bill does further allege, upon information and belief, that none of the said named heirs, save Annie Reynolds, were then living, nor the issue of any of them, and so it was, complainants alleged and claimed, that Annie Reynolds was the sole surviving heir of the said intestate, except his widow. Prior to this allegation it had not been shown in the bill that Annie Reynolds was a child or heir of Cornelius West, the deceased; but, on the contrary, others were alleged to be his children and heirs, and the allegation that none of the named heirs were living, save Annie Reynolds, does not show that she was an heir. In the face of the distinct allegation that the deceased left a widow and three named children, of whom Annie Reynolds was not one, there is an absence of any showing that she was the sole surviving heir of the intestate, and the statement in the bill, "and so it is, your orators allege and claim, that the said Annie Reynolds is the sole surviving heir of the said intestate, save and except the said defendant," does not help the matter. There is no showing how she became sole surviving heir, and to assume that she was such would be in conflict with other distinct allegations of the bill. The allegations of the bill before us as to complainants' right to sue are too vague and uncertain, especially under an attack by demurrer, and in our judgment the court should have sustained the demurrer.

The decree will be reversed, with directions to the Circuit Court to enter an order sustaining the demurrer

of defendant to the bill of complaint, and for such other proceedings as may be conformable to law and the practice of the court. Order to be entered accordingly.