MARY ANN HOUSTON, *Appellant*, v. JOE MCKINNEY, MISSIE MCKINNEY, SARAH HARDY, AARON HARDY, ELIZA VARNES, A. W. VARNES AND NELLIE M. HALL, *Appellees*.

1.  In coming into a court of equity to get rid of a cloud upon title, the complainant must show, with clearness, accuracy and certainty the validity of his own title and the invalidity of the title of his opponent. In order to be relieved and to succeed in a contest of this character, the complainant must do so on the strength of his own title, and not on the weakness of the title of the defendant.

2.  The mere fact that M. H. is the step daughter of R. S., deceased, does not make her his heir at law. She is not a child of R. S. within the meaning of the statute of descent, section 2295, general statutes of 1906.

3.  The primary sense of "children" is off-spring, and that is the sense of relationship in which it is ordinarily used when the question of relationship is involved. It cannot be properly held, when found in a statute or contract, to include step children.

This case was decided by Division B.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*G. B. Wells,* for appellant;

*Victor H. Knight,* for appellees.

PARKHILL, J.—The appellant filed a bil in equity in the circuit court for Hillsborough county, on the 4th day of December, 1906, wherein she alleged that one Robert Story was the owner in fee simple of certain real estate described therein, that said Story, the step-father of complainant, departed this life intestate, on or about July 26th, 1904, leaving said complainant his only heir at law, by means whereof she became and now is the owner in fee simple of said premises, and she is now, at the time of the filing of this bill of complaint, in actual possession of the same.

The bill further alleges that the defendants Joe McKinney and his wife Missie McKinney, Sarah Hardy and her husband Aaron Hardy, Eliza Varnes and her husband A. W. Varnes, did on or about the 17th day of March, 1906, as the alleged heirs of Robert Story, convey the said described real estate to one Nellie M. Hall, one of the defendants herein, and that, on the same day, the said real estate was reconveyed to them in three separate deeds of conveyance, by the said Nellie M. Hall.

The bill further alleges that the said Joe and Missie McKinney, Sarah and Aaron Hardy, Eliza and A. W. Varnes were not, at the time of the execution and delivery of the deed hereinbefore mentioned to Nellie M. Hall, in which they purport to convey to the said Hall an alleged interest in the lands described, seized and possessed of any title or interest whatever in the lands thereby attempted to be conveyed to the said Hall, and were not in possession of said lands; but, in order to annoy and vex complainant, now set up and claim

the title to the said lands, refusing to sue complainant to try title to said premises; and that the deeds of conveyance by McKinney, Hardy and Varnes to Nellie M. Hall, and the deed by said Hall to McKinney, Hardy and Varnes make a cloud upon the title of complainant to the said premises, and tend to depreciate the value and sale thereof. The bill prays that these deeds be set aside, declared void and canceled, as a cloud upon the title of complainant.

The defendant demurred to the bill, the chancellor sustained the demurrer and dismissed the bill. The complainant appeals.

The contention of appellees is, that the bill does not show title in the complainant to the real estate described to entitle her to equitable relief. Appellant contends that, "under the provisions of section 2298 of the General Statutes of 1906, a stepchild may inherit property, where all persons contemplated by the rules of descent are lacking."

In coming into a court of equity to get rid of a legal title as a cloud upon her own, the complainant must show clearly the validity of her own title, and the invalidity of the title of her opponents. Equity will not act in such cases in the event of a doubtful title. In order to be relieved and to succeed in a contest of this character, the complainant must do so on the strength of her own title, and not on the weakness of the title of the defendants. Levy v. Ladd, 35 Fla. 391, 17 South. Rep. 635. The complainant should state the right, title, or claim upon which she relies for relief, with accuracy and clearness, and there should be certainty in the averment of title in order that the defendants may have distinct information of the nature of the case which they are called upon to defend. West v. Reynolds, 35 Fla. 317, 17 South. Rep. 740.

Complainant rests her title to the real estate involved

upon the allegation that Robert Story, deceased, was her stepfather, and that she is his only heir at law. She should allege the facts to show how and in what way she is his only heir at law. The mere fact that complainant was the stepdaughter of Robert Story does not make her his heir at law. She is not a child of Robert Story within the meaning of the statute of descent, section 2295, General Statutes, where it says that whenever any person having title to real estate of inheritance shall die intestate as to such estate, it shall descend to the children, or their descendants. The primary sense of "children" is offspring, and that is the sense of relationship in which it is ordinarily used when the question of relationship is involved. It is sometimes applied by elderly people as a word of endearment or affection to a younger, where no relationship whatever exists. It cannot be properly held, when found in a statute or contract, to include stepchildren. Words and Phrases, Vol. 2, 1125, 1136; Tepper v. Supreme Council of Royal Arcanum, 59 N. J. Eq. 321, 45 Atl. Rep. 111, text 115; Thornburg v. American Strawboard Co. 141 Ind. 443, 40 N. E. Rep. 1062, S. C. 50 Am. St. Rep. 334.

The provisions of section 2298 of the General Statutes would not enable the complainant to inherit the real estate as the stepdaughter of the deceased.

The complainant does not show in her bill that she was ever legally adopted by the deceased in his life time, as his heir at law.

The demurrer to the bill was properly sustained, and the decree thereon is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.