STEPHEN COHEN, JANE HORTON AND J. W. HORTON, HER HUSBAND, JULIA GRAY AND EDWARD GRAY, HER HUSBAND, ROSA PERRY AND HARRY PERRY, HER HUSBAND, ELVIRA PERKINS AND WILLIAM PERKINS, HER HUSBAND, AND LULA STEPHENS, HEIRS AT LAW OF JUNE BRYANT, DECEASED, *Appellants,* v. A. R. DORAN, AS ADMINISTRATOR OF THE ESTATE OF JUNE BRYANT, DECEASED, AND H. M. PHILPOT, *Appellees.*

In pleading title by descent, the rule in equity is that the defendant is entitled to be apprised of all the links which constitute the claim of descent, the facts establishing heirship should be set out.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Scarborough & Scarborough,* for Appellants;

*Cockrell & Cockrell,* for Appellees.

PARKHILL, J.—The appellants, as complainants below filed their bill in the circuit court for Duval county against appellees to arrest the execution of an order of the county judge of Duval county for the sale of lands of an intestate, June Bryant, to pay his debt upon the petition of the administrator, upon the ground that the debt for the payment which a sale was ordered is not a valid indebtedness of the estate, for the reason that the same was fully paid and discharged by the deceased intestate in his life time.

The bill alleges, "your orators Stephen Cohen, Jane

Horton and J. W. Horton, her husband, Julia Gray and Edward Gray, her husband, Rosa Perry and Harry Perry, her husband, Elvira Perkins and William Perkins, her husband, and Lula Stephens, as heirs at law of June Bryant, deceased, bring this their bill of complaint against A. R. Doran, as administrator of the estate of June Bryant, deceased, and H. M. Philpot, and thereupon your orators complain and say:

First. That Stephen Cohen, Jane Horton, Julia Gray, Rosa Perry and Elvira Perkins are heirs at law of June Bryant, deceased, all being residents of Duval county, Florida; that the said June Bryant died in Duval county, State of Florida, on June 16th, 1906, intestate, but seized and possessed of the following real estate described as follows:"

In view of the conclusion reached it is unnecessary to set out other parts of the bill.

The defendants demurred to the bill upon the ground, among others, "It is not made to appear upon what status of facts the alleged claim is made, that the complainants are the heirs of said June Bryant, deceased; it is a mere legal conclusion."

On the 5th day of June, 1909, the Chancellor made the following order:

"Stephen Cohen, et al.,

vs.

A. K. Doran, administrator, et al.

This cause coming on to be heard upon application for temporary restraining order.

It is ordered, adjudged and decreed that the application for restraining order be and the same is hereby denied."

From this order an appeal was taken.

From the affidavit of Rhoda Hooper filed by the complainants as an exhibit in support of their bill, it appears

that Rhoda Hooper is a sister of June Bryant, deceased, and that she is not a party to this proceeding.

In pleading title by descent, the rule in equity is that the defendant is entitled to be apprised of all the links which constitute the claim of descent—the facts establishing heirship should be set forth. An averment that the complainants are heirs is only a legal conclusion. 10 Ency. Pl. & Pr. 54; Larue v. Hays, 7 Bush. (Ky.) 50; Hubbard v. Urton, 67 Fed. Rep. 419; West v. Reynolds, 35 Fla. 317, 17 South. Rep. 740.

The bill was defective in not alleging facts establishing heirship in the complainants and the court was justified in refusing to grant the restraining order. The order appealed from will be sustained, without deciding other questions.

Affirmed.

All concur, except TAYLOR, J., absent on account of illness.