BRUNOT, Justice.
 

 This is an appeal from a judgment sustaining exceptions of no right and no cause of action and dismissing plaintiffs’ suit at their cost.
 

 The petitioners allege that the 107 plaintiffs and 17 other persons, who are made co-defendants in the suit, are the descendants and sole heirs of Jean Baptiste Rills, who died at his domicile in the parish of Iberville on May 4, 1867, possessed of an estate consisting of the 350.93 acres of land described in the petition; that the 124 heirs named in the petition acquired the property described therein by inheritance from their said ancestor, and that they are the owners thereof, in indivisión, in the proportion of 79.4 per cent!, to be apportioned among the plaintiffs, and 20.6 per cent., to be apportioned among the 17 heirs cited as defendants; that Jean Baptiste Rills acquired the property from the United States government on June 23, 1845; and that the defendants are in the actual physical possession thereof, without color of title or authority, and in bad faith and through fraud. Several of the alleged co-owners who were made defendants intervened and joined the plaintiffs in the prosecution of the suit. Certain correlated and incidental issues were raised by the pleadings, all of which were considered at length and in their proper sequence, by the learned judge a quo, in a well-reasoned and unusually exhaustive opinion, but with these issues we are not concerned unless We find that the exceptions of no right and no cause of action should have been overruled.
 

 In passing upon the exceptions, the trial judge states the facts alleged in the petition substantially as we have stated them supra, and, after quoting pertinent excerpts from paragraphs VIII and XV of the petition, says:
 

 “I think that plaintiffs’ allegations to the effect that they (and the other parties named
 
 *909
 
 in paragraph XVI of said petition) are the sole legal heirs of Jean Baptiste Rills, and their reference to said Rills (in paragraph XV) as their ‘ancestor’ are only conclusions of the pleaders and cannot he regarded as an allegation of fact which show a right and cause of action. See State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772; Horrell et al. v. Gulf & Valley, etc., Co., 15 La. App. 603, 131 So. 709, and cases there cited. Arent v. Liquidating Commissioners et al., 133 La. 134, 62 So. 602.
 

 “It is settled by innumerable decisions, both in this state and in other jurisdictions, that the rule invoked by counsel, viz: That ‘all of the allegations of the petition must be taken as true for the purpose of disposing of the exception of no cause of action,’ is applicable only to allegations of facts. It has no application to allegations which are only conclusions of law, and which are drawn by the pleader from facts that are not set out in his petition.”
 

 Basing the judgment appealed from upon the foregoing reasons, the judge sustained the exceptions and dismissed the suit. The decretal part of the judgment follows:
 

 “It is therefore ordered, adjudged and decreed that the exceptions of no right or no cause of action filed herein by the defendants to the petition of the plaintiffs’ be sustained, and, accordingly, that there be judgment herein in favor of the defendants, Shell Petroleum Corporation, A. Wilbert’s Sons Lumber & Shingle Company and Wilbert Mineral Corporation dismissing plaintiffs’ suit at their cost.”
 

 Counsel for appellees stress two points in their brief as the bases of their exceptions. We are of the opinion that the judge a quo correctly found that the petitioners, with respect to their descent, heirship, and right to inherit the decedent’s estate, allege only conclusions of law in lieu of facts from which the legal conclusions result, and therefore the petition is fatally defective. This finding obviates the necessity for considering appellees’ contentions and citations in support of the first point urged by them.
 

 An allegation of heirship without stating the kinship of the pleader to the person through whom he claims title to real estate, by inheritance, does not, in itself, allege a cause of action, nor is the situation improved by alleging other mere conclusions of law. This seems to be the settled jurisprudence, not only of this state, but of this country. State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772; Arent v. Liquidating Commissioners, etc., 133 La. 134, 62 So. 602; Hubbard et al. v. Urton et al. (C. C.) 67 F. 419; Craig v. Welch-Hackley Coal & Oil Co., 74 S. W. 1097, 25 Ky. Law Rep. 232; Fite v. Orr’s Assignee, 1 S. W. 582, 8 Ky. Law Rep. 349; Cohen v. Doran, 58 Fla. 418, 51 So. 282; Toler’s Heirs v. Toler, 110 S. W. 388, 33 Ky. Law Rep. 594; Combs v. Cardwell, 164 Ky. 542, 175 S. W. 1009; Bond v. McFarland et al., 217 Ala. 651, 117 So. 63; West v. Reynolds, 35 Fla. 317, 17 So. 740; Allen v. Gates, 145 Ga. 652, 89 S. E. 821; Moroney v. Haas, 277 Ill. 467, 115 N. E. 648; Kerlee v. Corpening, 97 N. C. 330, 2 S. E. 664; Long v. Dufur, 58 Or. 162, 113 P. 59; Buttles v. DeBaun, 116 Wis. 323, 93 N. W. 5.
 

 For the reasons stated, the judgment appealed from is affirmed, at appellants’ cost.