### DREWETT et al. v. CARNAHAN et al.

### No. 5105.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1936.

Joel L. Fletcher, of Colfax, for appellants.

Ward T. Jones, of Alexandria, and J. H. Williams, of Colfax, for appellees.

TALIAFERRO, Judge.

Plaintiffs, ten in number, alleging themselves to be the sole heirs and legal representatives of Mrs. Louella Drewett Carnahan, the deceased wife of R. L. Carnahan, deceased, bring this suit against W. C. Carnahan, R. E. Carnahan, Mrs. Lucy Carnahan Wells, Beryle Carnahan Williamson, Mrs. Mackie Carnahan Dean, and Mrs. Estelle Carnahan Logan, to recover certain real estate, or interest therein, and rents and revenues derived therefrom, and for other amounts.

Defendants are alleged to be the sole heirs and legal representatives of R. L. Carnahan, deceased, and to have accepted his succession, unconditionally. It is further alleged that Louella Drewett Carnahan at her death owned real estate, her separate property, and left some money in a bank which was used by her husband, R. L. Carnahan, who survived her; and that, in addition, she left to petitioners, as her sole, legal heirs, her community interest in the property acquired during her wedlock with R. L. Carnahan. The money left in the bank, it is alleged, was her separate paraphernal funds. It is charged that defendants have intermeddled in the succession assets and affairs of Louella Drewett Carnahan, deceased, by taking charge of the property owned by petitioners, as her sole heirs, collecting rents

therefrom, and in other respects using it as if owned by them.

Defendants filed, in order, exceptions of vagueness, pleas of estoppel and of prescription, and finally an exception of no right and no cause of action. The exception of vagueness was tried and overruled. The pleas do not appear to have been disposed of. The exception of no cause of action was sustained and the suit dismissed. Plaintiffs have appealed.

■ The exception, it is urged and argued, is well founded, because petitioners, while affirming that they are the sole heirs and legal representatives of Mrs. Louella Drewett Carnahan, deceased, do not set up the facts of kinship and family history necessary to determine whether said allegations of sole heirship are well founded. In one place in the petition it is stated that petitioners "are the sole heirs and legal representatives of said Louella Carnahan," and in another place it is averred "that your petitioners, with said Louella Drewett Carnahan, deceased, were the sole heirs and legal representatives of Mary Dean Drewett and of W. J. Drewett," and, lastly, it is alleged that "Louella Carnahan had no descendants nor ascendants, or other relatives than your petitioners."

Exceptors' position is that these allegations touching the heirship of plaintiffs to Louella Drewett Carnahan are simply legal conclusions, and therefore not sufficient to disclose a cause of action in them as her alleged sole heirs and legal representatives. We are sure this position is correct. Petitioners' relationship to Mrs. Carnahan is not disclosed at all. Evidently they are collaterals and, to disclose a cause of action in them to sue for and recover property belonging to her succession, it is necessary that the facts of descent and kinship to the deceased, showing such right in them, should be specifically set up.

The issue tendered by the exception in this case falls squarely within the court's ruling in Rills et al. v. Shell Petroleum Corporation et al., 177 La. 906, 149 So. 515, 516. It is there specifically held: "An allegation of heirship without stating the kinship of the pleader to the person through whom he claims title to real estate, by inheritance, does not, in itself, allege a cause of action, nor is the situation improved by alleging other mere conclusions of law. This seems to be the settled jurisprudence, not only of this state, but of this country."

Many cases from our own courts and those of other jurisdictions are cited in support of this doctrine.

■ In the present case, after the exception was sustained and suit ordered dismissed, but before judgment was signed, plaintiffs tendered a supplemental petition designed to cure the defects in the original petition against which the exception was directed. The court refused, and we think correctly, to allow the supplemental petition filed. Plaintiffs' contention is that, so long as formal judgment sustaining an exception of no cause of action has not been signed, amendments to the petition may be filed. We do not agree with this position. Such an exception, when sustained, operates automatically the dismissal of the suit. There is left nothing to amend. Signing of judgment is only necessary to the taking and perfecting of valid appeal. It is true, as argued by plaintiffs' counsel, that, even after an exception of no cause of action has been tried and submitted, but not passed upon, amendment to the petition is permissible. Faulkner v. Milner-Fuller, Inc. (La.App.) 154 So. 507.

For the reason herein assigned, the judgment appealed from is affirmed, with costs.