PADGETT et al. v. PADGETT.

Civ. No. 1669-J.

United States District Court
S. D. Florida, Jacksonville Division.

Feb. 9, 1950.

Stockton, Ulmer & Murchison, Jacksonville, Fla., for plaintiffs.

Will O. Murrell, Jacksonville, Fla., for defendant.

DE VANE, District Judge.

Pursuant to the provisions of the Federal Employers Liability Act, 45 U.S.C.A. § 51 defendant, as Administratrix of the Estate of Alfred Padgett, deceased, brought an action in the Circuit Court of Duval County, Florida, for the benefit of herself, as widow, and the minor children of Alfred Padgett, against the Jacksonville Terminal Company, a corporation, to recover damages for the accidental death of Alfred Padgett. Defendant, as such Administratrix, obtained a verdict and judgment in the sum of $50,000. Upon a compromise agreement, approved by the Supreme Court of Florida, the Jacksonville Terminal Company, on or about September 16, 1949, paid defendant, as such Administratrix, the sum of $44,500, for the benefit of herself, as widow, and the minor children, in settlement and satisfaction of the judgment.

After paying attorney's fee and other expenses, there was a net recovery in the amount of $26,700. Plaintiff, Joe D. Padgett, as one of the minor children of Alfred Padgett, brings this suit, through Violet P. McMahon, Guardian, to recover his share in the net amount of the judgment.

The facts about which this suit arises are briefly summarized as follows:

Alfred Padgett left surviving him, as dependents, Lena Padgett, his widow, a minor daughter of Lena Padgett by a former marriage, Joe D. Padgett, born January 17, 1933, the plaintiff herein, and Gary Padgett, born in July, 1945. Alfred Padgett had been married twice. Joe D. Padgett was the youngest child, and only dependent of Alfred Padgett by his first marriage and Gary Padgett was the only child of the second marriage. As stated above, his second wife had been previously married and had one child, generally known as Marcelene Padgett, born March 21, 1935. In the suit brought in the Circuit Court of Duval County, Florida, against the Jacksonville Terminal Company, Lena Padgett, Joe D. Padgett, Marcelene Padgett and Gary Padgett were all named as dependents. In the trial before me it was admitted by defendant that Marcelene Padgett was not a child of Alfred Padgett, but a child of hers by a former marriage and that Alfred Padgett had not adopted her during his lifetime. Upon this state of facts the first question presented to the court is whether, in determining the amount plaintiff is entitled to recover in this case, Marcelene Padgett should be included as a dependent, under the Federal Employers Liability Act, entitled to participate in the net amount recovered.

The Act provides: "Every common carrier by railroad while engaged in commerce between any of the several States or Territories * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; * * * ."

In Poff v. Pennsylvania Railway Co., 327 U.S. 399, 66 S.Ct. 603, 90 L.Ed. 749, 162 A.L.R. 700, the Supreme Court of the United States held that whether a person is a "child", under the Federal Employers Liability Act, is determined by the law of the State where the accident occurred. In Houston v. McKinney, 54 Fla. 600, 45 So. 480, the Supreme Court of Florida held that the word, "children" used in the Florida law of Descent and Distribution meant blood children and did not include stepchildren. See also, Deatherage v. Fort Worth & D. C. Railway Co., Tex.Civ.App., 154 S.W.2d 918; Smith v. Atlantic Coast Line Railway Co., 212 S.C. 332, 47 S.E.2d 725.

Defendant contends that in as much as Marcelene Padgett was named as a dependent, along with plaintiff, in the suit against the Jacksonville Terminal Company that plaintiff is now estopped to deny her right to participate in the proceeds. This entirely overlooks the basis upon which recovery is had in such cases. The amount of recovery never depends upon the number of dependents, but wholly upon the reasonably expected net earnings of the deceased during his life expectancy. See Gulf, C. & S. F. Railway Co. v. McGinnis, 228 U.S., 173, 33 S.Ct. 426, 57 L.Ed. 785. While Marcelene Padgett could not right-

fully be named as a dependent in the original suit against the Jacksonville Terminal Company, the fact that she was so named could in no way affect or increase the amount the plaintiff was entitled to recover in that case. Estoppel, therefore, is not applicable here.

The court holds that in determining the amount plaintiff is entitled to recover in this case, that the $26,700 should be divided, in accordance with the law, between Lena Padgett, Joe D. Padgett and Gary Padgett.

The evidence in the case is in conflict as to the age of Alfred Padgett at the time of his death and as his true age is an important factor in determining the amount of distribution to each dependent it is necessary for the court to consider this evidence and determine his true age. Plaintiff offered in evidence the first application for, and the marriage license issued to Alfred Padgett. The application, dated February 8, 1913, gave his age as 22 years, 2 months. The marriage certificate shows that Padgett was married on February 9, 1913. The application for marriage license shows the name Roland Padgett, but the testimony before me clearly establishes that Alfred Padgett named in the suit against the Jacksonville Terminal Company and so named in the present case was the same person as the Roland Padgett named in the application for marriage license and the marriage license secured February 8, 1913. The testimony shows that his full name was Alfred Roland Padgett; that in early life and at the time of his first marriage he used the name Roland.

Plaintiff also introduced in evidence the birth certificate of Joe D. Padgett showing he was born January 17, 1933 and also the birth certificate of Violet May Padgett, his Guardian, showing she was born May 22, 1916 and that she was the third child of Alfred Padgett and his first wife.

Defendant offered in evidence the application for marriage license signed at the second time Alfred Padgett was married. In this application he stated he was born October 21, 1898 and that his age was 44 years. The application for marriage license is dated June 8, 1943. Defendant also offered certain other papers supporting her claim that Alfred Padgett was born in 1898 instead of 1890, as claimed by plaintiff. The court has carefully reviewed all exhibits offered by both parties and finds and holds that Alfred Padgett was born in 1890 as contended by plaintiff in this case.

The parties are not in dispute as to the life expectancy of Alfred Padgett, whichever date the court should find to be the date of his birth. Upon the basis determined by the court, he had a life expectancy of 15.42 years.

The Federal Employers' Liability Act is silent as to the method of computing the share of each beneficiary. While some courts have permitted the apportionment to be made among the beneficiaries according to the State statute of Descent and Distribution, this court is of the opinion that the better rule to follow in these cases is to permit an apportionment on the basis of age and length of dependency of each beneficiary. Defendant, Lena Padgett, was younger than her husband and had a longer life expectancy than he. She is, therefore, entitled to participate on the basis of his full life expectancy. Gary Padgett was three years old at the time of his father's death and could normally have expected support from his father for 18 years, but since his father's life expectancy was less, he, too, is entitled to participate to the full extent of his father's life expectancy. Joe D. Padgett was 15½ years old when his father died and could have expected his father's support for 5½ years. Upon this basis the court finds and holds that Lena Padgett and Gary Padgett are each entitled to receive $11,329.50 and that plaintiff's share in the net proceeds of the judgment amount to $4,041.

In the ad damnum clause of the complaint filed herein plaintiff seeks to recover $3,773.12. This amount is based upon an erroneous assumption that Gary Padgett was entitled to share in the proceeds until he reached his majority, or for 18 years, instead of 15.42 years. The court is unwilling to confirm this error and, therefore, directs that the ad damnum

clause of the complaint be amended to conform with the proof in this case and when so amended a judgment will be entered in favor of plaintiff in conformity with this Memorandum Decision.