## Cornish Estate

*Guy W. Davis*, for petitioner.

VAN RODEN, P. J., April 27, 1951.—This is a petition for the apportionment of damages under the Federal Employers' Liability Act, April 22, 1908, 35 Stat. at L. 65 (45 USC §§51, 59). Petitioner, who is the administrator of decedent's estate, alleges that decedent died August 7, 1950, intestate, while in the employ of the Pennsylvania Railroad Company in interstate commerce at Wilmington, Del. Decedent was survived by his widow, Florence W. Cornish and one son, David R. Cornish, a minor. The administrator has recovered from the Pennsylvania Railroad Company the sum of $35,000 as damages for decedent's death. Such recovery was pursuant to the provisions of the above cited act of Congress, which provided inter alia as follows:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; . . ."

Petitioner also avers that decedent's debts, funeral expenses, administration expenses and counsel fees amount to $3,047, leaving a net balance of $31,953 for apportionment between decedent's widow and minor son.

If the fund in question formed part of decedent's estate for distribution under the intestate laws of Pennsylvania, the widow and minor son would be entitled to share equally in the distributive estate: Act of April 24, 1947, P. L. 80, sec. 2 (2), 20 PS §1.2(2). However, it has been expressly held by the United States Supreme Court that the distribution of the proceeds of recovery under the Federal Employers' Liability Act must be governed by the provisions of that act, to the exclusion

of any applicable State legislation: Taylor, Administratrix, v. Taylor, 232 U. S. 363, 34 S. Ct. 350 (1914). In other words, although the administrator of decedent's estate is the proper party to effect recovery under the Federal Employers' Liability Act, the proceeds of such recovery are held by the administrator for the benefit of the beneficiaries designated by the Act of Congress and not as part of decedent's estate for normal distribution under the State laws.

The Federal Employers' Liability Act, while specifically designating the beneficiaries (in the instant case, the widow and minor son), is completely silent as to the method of apportionment. It appears that the Federal courts have jurisdiction to determine the proper apportionment between the beneficiaries: Padgett et al. v. Padgett, 88 F. Supp. 630 (1950). It has also been held that such apportionment may properly be determined by a State probate court: Gilbride's Estate, 252 N. Y. S. 444, 140 Misc. Rep. 797 (1930); Barker's Estate, 237 N. Y. S. 212, 134 Misc. Rep. 833 (1929).

There does not appear to be any reported judicial decision in this Commonwealth which has formulated a method of apportionment. In other jurisdictions it has been held that the recovery is not for the equal benefit of each of the surviving relatives designated in the account as beneficiaries, but must be determined by the individual pecuniary loss of each beneficiary, and that minor dependent children are entitled to a fair apportionment regulated to some extent by their minorities. In Gilbride's Estate, supra, the minor children were allowed $100 per year of remaining minority and the balance was awarded to the widow. Thus, a 14-year-old child was awarded $700, a twelve-year-old child, $900, and a 10-year-old child, $1,100.

In Padgett v. Padgett, supra, the court used the life expectancy of the widow and the remaining years of

minority of the minor children to apportion the fund. This method gives the minor child or children a larger share of the fund than provided by the Gilbride case, and appears to this court to be the equitable method of apportionment of benefits. Applying this method to the instant case, the court takes into consideration the fact that both the widow and the minor child resided with decedent and were supported by and dependent upon decedent at the time of his death. Accordingly, both the widow and minor child are entitled to participate in the proceeds of recovery. The widow was 41 years of age at the time of decedent's death, and had a life expectancy of 36.49 years. Since decedent had a life expectancy, at the time of his death, of only 34.73 years, his life expectancy, rather than the widow's, must govern, since the support which she would have normally been furnished by decedent would have terminated upon his death.

The son was 10 years and three months of age at the time of decedent's death, and therefore had 10 years and nine months of remaining minority. Since his remaining minority was less than decedent's life expectancy, the son normally would have received support from his father until he became of age. Accordingly, the son's period of remaining minority, rather than the father's life expectancy, is the determinitive factor in his case. Considering the respective time factors, and taking into consideration the difference between the relative amounts of support that a wife and minor child would normally receive, the court concludes that an equitable distribution and apportionment according to law, between the widow and minor son, will be to award the minor the sum of $5,000 and to award the widow the remaining balance of net proceeds, of $26,953, as more fully set forth in the accompanying decree entered simultaneously herewith.