**Kathryn STODDARD, as Special Administratrix of the Estate of Anthony J. Theriault, and on behalf of the heirs of Anthony J. Theriault, Plaintiff,**

v.

**LING–TEMCO–VOUGHT, INC., a corporation, Ling-Temco-Vought Electronics, and Vought Missiles and Space Company, Defendants.**

**No. CV–72–1294–PGH.**

United States District Court, C. D. California.

Feb. 5, 1981.

James J. McCarthy, Magana, Cathcart & McCarthy, Los Angeles, Cal., for Theriault, 72–1294, Burnett, 73–1290, McGinn, 73–1291, Blanchard, 73–1292, Ditto, 73–1293, and Unsderfer, 73–1294.

Robert S. Morris, San Bernardino, Cal., for Ashland, 72–1319.

Gerald V. Barron, Hoge, Fenton, Jones & Appel, Monterey, Cal., John H. Miltner, Honolulu, Hawaii, for Page, 73–1318, Rose, 73–1319, Reinhart, 73–1320, Myles, 73–1321, and Weimer, 73–1322.

Joan Celia Lavine, Los Angeles, Cal., for intervenors Hoar, 72–1294, and Slagle 72–1294.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: DAMAGES

HATFIELD, District Judge.

Plaintiff, Kathryn Stoddard, as Special Administratrix of the Estate of Anthony J. Theriault, deceased, brought this action against the defendants LING–TEMCO–VOUGHT, INC., a corporation, LING–TEMCO–VOUGHT ELECTRONICS and VOUGHT MISSILES AND SPACE COMPANY, pursuant to the Death on the High Seas Act (46 U.S.C. § 761 et seq.). The action was consolidated for the purposes of trial and tried on the bifurcated issue of liability with the actions of Margaret E. Metcalf, as personal representative of the estates of Byron Claire Burnett, Rolla F. Blanchard, Charles V. Ditto, John R. McGinn, William H. Unsderfer, Jr.; with the action of Charlotte Ashland as Adminis-

tratrix of the estate of Donald Edward Ashland; with the actions of Joyce Kenny as Administratrix of the estates of Hubert M. Miles, Victor J. Reinhart, Perry T. Rose, and Elmo Weimer; and with the action of Roger Page, as special administrator of the estate of William E. Page (Civil Nos. 73–1290, 73–1291, 73–1292, 73–1293, 73–1294, 73–1295, 72–1319, 73–1319, 73–1320, 73–1321, 73–1322 and 73–1318). The consolidated cases were tried to the court with the assistance of an advisory jury.

The matters proceeded to trial on the liability question on April 21, 1980 and continued through May 23, 1980; evidence both oral and documentary was introduced by the parties, the matter was submitted on May 23, 1980 to the advisory jury, which on that day rendered verdicts finding defendants LTV, et al., liable to each of the above-named plaintiffs for the deaths of their decedents, and finding the defendant United States liable for the deaths of Donald E. Ashland, Rolla F. Blanchard and Charles V. Ditto.

Having considered the evidence and the advisory verdict of the jury with respect to the trial of the liability issue and having considered the points and authorities and arguments of the parties, the court has made and filed heretofore its findings of fact and conclusions of law in respect to the issue of liability.

This action proceeded to trial before the court on November 13, 1980, for determination of the damages sustained by the plaintiff Kathryn Stoddard, as Special Administratrix of the Estate of Anthony J. Theriault, deceased, and trial continued through November 14, 1980; evidence both oral and documentary was introduced by the parties; the matter was submitted on November 14, 1980 to the court.

Having considered the evidence with respect to damages in the above-captioned matter, and having considered the points and authorities and the arguments of the parties, the court now makes the following

## FINDINGS OF FACT

1. Plaintiff, Kathryn Stoddard, as Special Administratrix of the Estate of Anthony J. Theriault, deceased, suing on behalf of the widow of the decedent, Kathleen R. Theriault, and on behalf of the children of the decedent, namely, Andre J. Theriault, born May 10, 1960, Richard E. Theriault, born April 7, 1961, Michael T. Theriault, born August 30, 1962, Kelly A. Theriault, born January 21, 1964, and Stephen A. Theriault, born August 16, 1965, has sustained and is entitled to recover as against the defendants LTV AEROSPACE CORPORATION and LTV ELECTROSYSTEMS, INC., a corporation, and each of them, in the sum of $1,063,400.00.

2. Plaintiff, as Special Administratrix of the estate of the decedent, sustained damages as a result of the decedent's death to date of trial as follows:

| | | |
|---|---|---|
| Loss of earnings | $ 175,600.00 | |
| Loss of decedent's household services | 14,300.00 | |
| Subtotal | | $ 189,900.00 |
| Less decedent's consumption referable to earnings | | – 32,600.00 |
| Total pecuniary loss to date of trial | | $ 157,300.00 |

3. Plaintiff, as Special Administratrix of the estate of the decedent, and as a proximate result of the death of the decedent, sustained a loss of future earnings, future civil service pension benefits, and future household services; the present value of these losses is found to be as follows:

| | | |
|---|---|---|
| Future loss of earnings | $ 624,200.00 | |
| Future loss of civil service pension benefits | 136,700.00 | |
| Future loss of household services | 55,800.00 | |
| Subtotal | | $ 816,700.00 |
| Less decedent's consumption referable to earnings and pension benefits | | – 182,400.00 |
| Subtotal loss of future benefits | | $ 634,300.00 |
| Total loss before adjustment for income taxes | | $ 791,600.00 |
| Less income tax adjustment | | – 153,200.00 |
| Total losses sustained (except for children's loss of nurture and loss of inheritance) | | $ 638,400.00 |
| 4. Loss of inheritance | | $ 100,000.00 |
| Loss of nurture and guidance sustained by five children of decedent | | $ 325,000.00 |
| Total pecuniary loss | | $1,063,400.00 |

The total pecuniary loss of $1,063,400.00 is divided among Kathleen R. Theriault (wife) and Andre J. Theriault, Richard E. Theriault, Michael T. Theriault, Kelly A. Theriault and Stephen A. Theriault (children), Anthony J. Theriault's heirs, on the bases of their ages and the predicted length of time each would have been dependent on Anthony J. Theriault had he not died in the plane crash. Before Anthony J. Theriault's death in June, 1971, Kathleen R. Theriault had a longer life expectancy than Anthony J. Theriault. According to mortality tables, at the time of the plane crash in June, 1971, Kathleen R. Theriault could have expected to live approximately 37.75 more years with Anthony J. Theriault until his projected death, and, at the time of the November, 1980 trial, 28.33 years. Andre J. Theriault would have been dependent on his father until he reached the age of majority, 6.9 years after his father's death, and was 18 years old 2.5 years prior to the date of trial. Richard E. Theriault would be 18 years old, the age of majority, 7.8 years after Anthony J. Theriault's death and 1.6 years prior to the date of trial. Michael T. Theriault would have been dependent on his father until he reached the age of majority, 9.2 years after his father's death and .25 years prior to the date of trial. Kelly A. Theriault would be 18 years old, the age of majority, 10.6 years after Anthony J. Theriault's death and 1.17 years after the date of trial. Stephen A. Theriault would be 18 years old, the age of majority, 12.25 years after Anthony J. Theriault's death and 2.75 years after the date of trial.

6. The total recovery of $1,063,400.00 therefore, shall be divided among Kathleen R. Theriault, Andre J. Theriault, Richard E. Theriault, Michael T. Theriault, Kelly A. Theriault and Stephen A. Theriault as follows:

A. Losses to date of trial (November, 1980)    $ 157,300.00 total

| | |
|---|---|
| Kathleen R. Theriault | $ 26,216.67 |
| Andre J. Theriault | 26,216.67 |
| Richard E. Theriault | 26,216.67 |
| Michael T. Theriault | 26,216.67 |
| Kelly A. Theriault | 26,216.67 |
| Stephen A. Theriault | 26,216.65 |

B. Future losses (from November, 1980 on)    $ 634,300.00 total

Kathleen R. Theriault (28.33/32.25
   x $634,300)  ......$557,200.58

Andre J. Theriault  .........  -------
Richard E. Theriault  ........  -------
Michael T. Theriault  .........  -------
Kelly A. Theriault (1.17/32.25
   x $634,300)  ......  23,011.82
Stephen A. Theriault (2.75/32.25
   x $634,300)  ......  54,087.60

C. Loss of Inheritance    $ 100,000.00 total

| | |
|---|---|
| Kathleen R. Theriault | $ 16,666.67 |
| Andre J. Theriault | 16,666.67 |
| Richard E. Theriault | 16,666.67 |
| Michael T. Theriault | 16,666.67 |
| Kelly A. Theriault | 16,666.67 |
| Stephen A. Theriault | 16,666.65 |

D. Loss of Nurture    $ 325,000.00 total

Andre J. Theriault (6.9/46.75
   x $325,000)  .....$ 47,967.92
Richard E. Theriault (7.8/46.75
   x $325,000)  .....$ 54,224.60
Michael T. Theriault (9.2/46.75
   x $325,000)  .....$ 63,957.22
Kelly A. Theriault (10.6/46.75
   x $325,000)  .....$ 73,689.84
Stephen A. Theriault (12.25/46.75
   x $325,000)  .....$ 85,160.42

Gross Losses (Total of A, B, C and D)    $1,216,600.00

| | |
|---|---|
| Kathleen R. Theriault | $600,083.92 |
| Andre J. Theriault | 90,851.26 |
| Richard E. Theriault | 97,107.94 |
| Michael T. Theriault | 106,840.56 |
| Kelly A. Theriault | 139,585.00 |
| Stephen A. Theriault | 182,131.32 |

Deduction for taxes (on wages and retirement benefits from June, 1971 on)    $ 153,200.00 total

Kathleen R. Theriault (37.75/84.50
   x $153,200)  .....$ 68,441.40
Andre J. Theriault (6.9/84.5
   x $153,200)  .....$ 12,509.83
Richard E. Theriault (7.8/84.5
   x $153,200)  .....$ 14,141.54
Michael T. Theriault (9.2/84.5
   x $153,200)  .....$ 16,679.77
Kelly A. Theriault (10.6/84.5
   x $153,200)  .....$ 19,217.99
Stephen A. Theriault (12.25/84.5
   x $153,200)  .....$ 22,209.47

Net Losses    $1,063,400.00 total

| | |
|---|---|
| Kathleen R. Theriault | $531,642.52 |
| Andre J. Theriault | $ 78,341.43 |
| Richard E. Theriault | $ 82,966.40 |
| Michael T. Theriault | $ 90,160.79 |
| Kelly A. Theriault | $120,367.01 |
| Stephen A. Theriault | $159,921.85 |

From the above findings of fact, the court makes the following

## CONCLUSIONS OF LAW

1. Plaintiff shall have joint and several judgment against each of the defendants above named, for the following damage elements:

(a) For damages to date of trial consisting of loss of earnings in the amount of

$175,600 and loss of decedent's household services in the amount of $14,300 for a total loss to date of $189,900, which sum is reduced by decedent's consumption in the amount of $32,600, for a total pecuniary loss to date of trial of $157,300.

(b) For damages for the present value of future losses consisting of loss of future earnings in the amount of $624,200, loss of future civil service pension benefits in the amount of $136,700, loss of future household services in the amount of $55,800, the sum of such future losses, namely, $816,700, is reduced by $182,400 for consumption of the decedent to $634,300, and the sum of present and future losses, namely, $791,600, is further reduced by income taxes on wages and retirement benefits in the amount of $153,200 for a total net present and future loss, exclusive of loss of inheritance and loss of nurture, of $638,400.

(c) For loss of inheritance in the sum of $100,000, and for loss of nurture and guidance of decedent sustained by his children, Andre J. Theriault, Richard E. Theriault, Michael T. Theriault, Kelly A. Theriault and Stephen A. Theriault, in the sum of $325,000.00.

■ 2. The total pecuniary loss sustained by way of damages in the sum of $1,063,400.00 is apportioned between the widow of decedent, namely, Kathleen R. Theriault, and the children of decedent, namely, Andre J. Theriault, Richard E. Theriault, Michael T. Theriault, Kelly A. Theriault and Stephen A. Theriault, on the basis of predicted years each would have been dependent upon Anthony J. Theriault had he not died in the plane crash. The apportionment is as follows:

| | |
|---|---|
| Kathleen R. Theriault | $531,642.52 |
| Andre J. Theriault | 78,341.43 |
| Richard E. Theriault | 82,966.40 |
| Michael T. Theriault | 90,160.79 |
| Kelly A. Theriault | 120,367.01 |
| Stephen A. Theriault | 159,921.85 |

The apportionment of the various items of recovery between the heirs on the basis of years each would have been dependent upon Anthony J. Theriault is recovery " . . .

in proportion to the loss they may severally have suffered by reason of the death . . ." of Anthony J. Theriault. 46 U.S.C. § 762. Apportionment of recovery in this manner is consistent with the methods of apportionment used by other courts, both in DOHSA cases and in cases brought under other federal statutes with recovery rules similar to DOHSA's. See, e. g., Chermisimo v. Vessel Judith Lee Rose, Inc., 211 F.Supp. 36 (D.Mass.1962), aff'd., 317 F.2d 927 (1st Cir. 1963) (per curiam), cert. denied, 375 U.S. 931, 84 S.Ct. 333, 11 L.Ed.2d 264 (1963) (DOHSA); Petition of Southern Steamship Co., 135 F.Supp. 358 (D.Del.1955) (Jones Act); Padgett v. Padgett, 88 F.Supp. 630 (S.D.Fla.1950) (Federal Employers' Liability Act).

4. In the exercise of its discretion the court shall award pre-judgment interest as against the defendants LTV Aerospace Corporation and LTV Electrosystems, Inc., a corporation, at eight percent (8%) per annum compounded annually from June 13, 1971 to date.

5. There is no just reason to delay the entry of the final judgment in this case pending determination of the damages, if any, sustained by the other plaintiffs whose matters were consolidated with the subject case in respect to trial of the liability issue, and pending the entry of final judgments in those cases.

6. Plaintiff shall recover her costs and disbursements herein to be taxed.

Let final judgment be entered in this matter accordingly.