TAYLOR, ADMINISTRATRIX, v. TAYLOR.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 224. Argued January 30, 1914.—Decided February 24, 1914.

The Employers' Liability Act of 1908, as amended in 1910, supersedes all state statutes upon the subject covered by it, and the distribution of the amount recovered in an action for death of an employé is determined by the provisions of that act and not by the state law.

The source of right of the widow of an employé of an interstate carrier to maintain an action for his death is the Federal statute, whether the cause of action is based on § 1 or § 9, and the father of the deceased is not entitled to share in the amount recovered.

THE facts, which involve the construction of the Federal Employers' Liability Act of 1908 as amended in 1910, are stated in the opinion.

*Mr. Frederic D. McKenney,* with whom *Mr. George F. Brownell, Mr. John Spalding Flannery* and *Mr. William Hitz* were on the brief, for plaintiff in error:

It was error for the state court to hold that the net proceeds of the judgment recovered in the action of the administratrix against the railroad company, under the circumstances shown in the record herein, were not distributable under the provisions of the Federal Employers' Liability Act of 1908 as amended in 1910.

The net proceeds of this judgment are not "assets of the decedent's estate" within the ordinary acceptation of that phrase.

In support of these contentions see: *American R. R. Co.* v. *Didrickson,* 227 U. S. 145, 149; *Florida Cent. Ry. Co.* v. *Sullivan,* 120 Fed. Rep. 799; *Gulf &c. R. Co.* v. *McGinnis,* 228 U. S. 173, 175; *McCarty* v. *N. Y., L. E. & W. R. Co.,* 62 Fed. Rep. 437; *McCulloch* v. *Maryland,* 4 Wh. 316; *McCune* v. *Essig,* 199 U. S. 387; *Marvin* v. *Maysville St. R. R. Co.,* 49 Fed. Rep. 436; *Mich. Cent. R. Co.* v. *Vreeland,* 227 U. S. 56, 67; *Mo., Kans. & Tex. Ry. Co.* v. *Wulf,* 226 U. S. 570, 576; *Mondou* v. *N. Y., N. H. & H. R. R. Co.,* 223 U. S. 1; *St. L., Iron M. & S. R. Co.* v. *Hesterly,* 228 U. S. 702; *St. Louis &c. R. Co.* v. *Seale,* 229 U. S. 156, 158; *Smith* v. *Alabama,* 124 U. S. 465, 473; *Stewart* v. *Balt. & Ohio R. R. Co.,* 168 U. S. 445; *United States* v. *Hall* 98 U. S. 343; *Wilson* v. *Tootle,* 55 Fed. Rep. 211.

No brief was filed for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

The plaintiff in error and defendant in error are respectively the widow and father of one Howard Taylor, a resident of Orange County, State of New York, who through the negligence of the Erie Railroad Company met with an accident which caused his death.

Plaintiff in error was appointed the administratrix of his estate with right to prosecute any right of action granted by special provision of law as such administratrix. She brought suit, as such administratrix, against the Railroad Company for damages, alleging the employment of her husband in interstate commerce upon a train running from Port Jervis, New York, to Jersey City, New Jersey, the negligence of the Railroad Company as the cause of his death, and that the action was brought under the act of Congress of April 22, 1908, c. 149, 35 Stat. 65, entitled "An Act relating to the Liability of Common Carriers by Railroad to their Employés in Certain Cases," known as the Employers' Liability Law.

By permission of the Surrogate of Orange County, she compromised with the railroad, accepting a judgment for $5,000.

Defendant in error filed a petition in the Supreme Court of Orange County for an order directing plaintiff in error to pay over to him one-half of the net proceeds of the judgment in accordance with the statute of distribution of the State. The motion was denied and an order was entered determining that plaintiff in error, as widow of the deceased, was entitled to receive and retain for her own use all of the net proceeds of the judgment. The order was reversed by the Appellate Division of the Supreme Court and the judgment of reversal, on appeal to the Court of Appeals, was affirmed and the record re-

mitted to the Supreme Court. This writ of error was then prosecuted.

The Appellate Division was of opinion that the law of the State gave the right of action and determined the distribution of the proceeds of the judgment. Considering the act of Congress and its provisions, the court was of the view that the act of Congress "should be construed as one granting a new remedy under certain circumstances, where none, or a less adequate one, existed under the state laws, and as not intended to supplant or abrogate a right of action of practically equal extent existing under the laws of the State." The court further said, "It is only on the theory that this act of Congress constitutes the exclusive rule applicable to the facts of the case before us that the order of the Special Term [the order under review] can be upheld. If the remedy afforded by our laws be concurrent with that provided by Congress, then we think that our public policy will not permit an administratrix appointed by our courts under our laws, to use the Federal statute simply for the purpose of defeating our statute of distribution of personal property." The Court of Appeals expressed the opinion that the case presented a case of conflict between the Federal and state statutes and determined that the state statutes must prevail. It was said that the power of Congress "to regulate interstate commerce must end somewhere, and as far as employés of common carriers engaged in interstate commerce are concerned, it appears to us that it must end with the death of the employé." And considering that the consequences of a contrary doctrine would give Congress power over the distribution of real estate which might happen to be purchased by the earnings of an employé in interstate commerce, the court declared that the act of Congress in so far as it attempted to distribute the funds in controversy was "invalid and unauthorized." There were dissenting opinions expressed. The judgment of the

Appellate Division of the Supreme Court was affirmed and the record was remitted to the Supreme Court to be proceeded upon according to law and the judgment of the latter court was entered conformably thereto.

We have had many occasions to declare the comprehensive and exclusive power which Congress possesses over interstate commerce. And starting with that power as a factor, we have only to consider the breadth and meaning of the act of Congress.

Section 1 provides that every common carrier by railroad, while engaged in interstate commerce, "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of such employé's parents; and, if none, then of the next of kin, dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier," or by reason of any defect in its instrumentalities.

Section 6, as amended by the act of April 5, 1910, c. 143, 36 Stat. 291, provides that the jurisdiction of the courts of the United States shall be concurrent with that of the courts of the several States, and if the action be brought in a state court it shall not be removed to a court of the United States.

Section 9, as amended by the same act, c. 143, 36 Stat. 291, is as follows:

"That any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, but in such cases there shall be only one recovery for the same injury."

The act has come up for consideration in a number of cases. In *Mondou* v. *New York, New Haven & Hartford R. R. Co.*, 223 U. S. 1, it and its amendments were declared to be constitutional, that having been enacted in pursuance of a power reserved to Congress, state laws must give away to them. They established the policy for all, it was decided, and the courts of a State cannot refuse to enforce them on the ground that they are not in harmony with the policy of the State. Congress having acted, it was said, p. 55, "the laws of the States, in so far as they cover the same field, are superseded, for necessarily that which is not supreme must yield to that which is."

In *Missouri, Kansas & Texas Ry.* v. *Wulf*, 226 U. S. 570, 576, the *Mondou Case* was applied. The action was brought by the mother of a deceased employé in interstate commerce, under the state statute. The petition was subsequently amended to embrace a right of action by her under the Federal law as the personal representative of the decedent. The amendment was held not to be the commencement of a new action. It was said that notwithstanding the original petition asserted a cause of action under the state statute without making reference to the act of Congress, the court was presumed to be cognizant of the Federal enactment, and "to know that, with respect to the responsibility of interstate carriers by railroad to their employés injured in such commerce after its enactment it had the effect of superseding state laws upon the subject."

In *Michigan Central R. R. Co.* v. *Vreeland*, 227 U. S. 59, 68, it is again said that the act of Congress has undertaken to cover the subject of the liability of railroad companies to their employés injured while engaged in interstate commerce and that state legislation was superseded by it. "The obvious purpose of Congress," it was said, "was to save a right of action to certain relatives dependent upon an employé wrongfully injured, for the loss and

damage resulting to them financially by reason of the wrongful death." And again, "It is one beyond that which the decedent had,—one proceeding upon altogether different principles."

The same view was expressed in *American Railroad Co. v. Didrickson*, 227 U. S. 145, 149. The action was by surviving parents, they being the sole beneficiaries under the statute. A distinction was expressed between a cause of action to an injured employé and in case of his death, a cause of action to dependent relatives; and of the first it was said that it does not survive his death but that in such case the act "creates a new and distinct right of action for the benefit of the dependent relatives named in the statute" for the damages which results to them because they have been deprived of a reasonable expectation of pecuniary benefits on account of his wrongful death.

In *Gulf, Colorado & Santa Fe Railway Co. v. McGinnis, Administratrix*, 228 U. S. 173, the statute was again considered as giving a cause of action to the personal representative of the deceased employé for the benefit of the persons designated because of the pecuniary loss resulting to them.

In *St. Louis, Iron Mountain & Southern Ry. Co. v. Hesterly*, 228 U. S. 702, the same principles were applied. In *St. Louis, S. F. & Texas Ry. Co. v. Seale*, 229 U. S. 156, the action was by the widow and parent of an interstate commerce employé. The petition stated a case under the state statute. The Railroad Company contended that the Federal statute was the applicable one. There was a conflict between the statutes. The state statute gave the right of action to the surviving husband, wife, children and parents; the Federal statute vested the right of action in the personal representative of the deceased for certain named beneficiaries, the parents of the deceased having no rights if there be a widow, husband or children. The Railroad Company, therefore, interposed the objec-

tion grounded on the Federal statute that the plaintiffs were not entitled to recover on the case proved. The state court overruled the objection and we declared the ruling to be error. We said, p. 162, "Two of the plaintiffs, the father and mother, in whose favor there was a separate recovery, are not even beneficiaries under the Federal statute, there being a surviving widow; and she was not entitled to recover in her own name, but only through the deceased's personal representative, as is shown by the terms of the statute and the decisions before cited."

These cases were all brought under the statute as originally enacted and before the amendments of 1910. Section 1, however, was not amended, and in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Hesterly, supra,* it was said that the amendment of April 5, 1910, which added § 9, quoted above, "in like manner allows but one recovery, although it provides for survival of the right of the injured person."

It is clear from these decisions that the source of the right of plaintiff in error was the Federal statute; and this whether the cause of action is based on the first section of the act or on § 9, added in 1910. From plaintiff in error's complaint against the Railroad Company it is not clear whether she counted on § 1 alone or on that and § 9. If under § 1, the cause of action was not derived from the deceased in the sense of a succession from him. As said in one of the cited cases, her cause of action was "one beyond that which the decedent had,—one proceeding upon altogether different principles." It came to her, it is true, on account of his death but because of her pecuniary interest in his life and the damage she suffered by his death. It was her loss, not that which his father may have suffered. The judgment she recovered was for herself alone. He had no interest in it. Any loss he may have suffered was not and could not have been any part of it, as we have seen.

If the action included a right under § 9, the recovery was for her benefit exclusively as the widow of the decedent. The language of the section is that the right of action given to the employé survives to his personal representatives for the benefit of his parents only when there is no widow.
*Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.*