(89 Misc.Rep. 719)

## In re OLSEN.

(Surrogate's Court, Kings County.   March, 1915.)

DESCENT AND DISTRIBUTION ☞5—WHAT LAW GOVERNS—ACTION FOR DEATH —DIVISION OF PROCEEDS.

Where the account of an administratrix reports a fund collected by her in compromise of an action brought in England under St. 9 and 10 Vict. c. 93, § 2, providing that an action for wrongful death shall be for the benefit of the wife, husband, parent, and child of the deceased, and shall be divided between the beneficiaries as the jury shall direct, which action was against the corporate owners of the steamship Titanic for the wrongful death of her husband, the fund must be divided equally between the wife and the sole surviving child of intestate, and not two-thirds to the widow and one-third to the child, according to the New York statute of distributions.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 19–22; Dec. Dig. ☞5.]

Proceedings by Esther Olsen to render and settle her account as administratrix of Charles Olsen, deceased, in which Arthur Olsen, by guardian ad litem, filed objections.   Decree according to opinion.

William C. McKee, of Brooklyn, for administratrix.

Franklin M. Tomlin, of Brooklyn, special guardian for Arthur Olsen, an infant.

KETCHAM, S.   The accountant's intestate lost his life in the wreck of the steamship Titanic, leaving his wife, who is the administratrix, and a child.   An action was brought in England against the corporate owners of the ship to recover damages for alleged negligence causing the intestate's death.   The account reports a fund which was collected by the administratrix in compromise of that action.   The English statute provides for the maintenance of an action for death caused by "wrongful act, neglect or default," and then provides as follows:

"Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused, and shall be brought by and in the name of the executor or administrator of the person deceased, and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought; and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the before-mentioned parties in such shares as the jury by their verdict shall find and direct." St. 9 & 10 Vict. chap. 93, § 2.

The accountant asks that these damages be distributed, two-thirds to her and one-third to her child.

The foreign statute alone created the right from which the fund proceeds, and it alone must supply the basis for its division.   Taylor v. Taylor, 232 U. S. 363, 34 Sup. Ct. 350, 58 L. Ed. 638.   That statute contains no explicit direction for the disposition of the damages when the same are collected without a trial.   It does, however, provide that the action therein authorized shall be for the benefit of the "wife

\* \* \* and child." It is therefore undeniable that the fund which the compromise yielded is not a part of the general estate, and is held under a trust for those whose claims in a recovery by trial would be a proper subject of adjustment by the jury. When the only persons interested are the decedent's wife and child, it must be that each would have been awarded a substantial fraction of any verdict. The only definite direction contained in the act as to the disposition of the damages is here inapplicable, and the remaining question, therefore, is, What direction for disposition can be implied from the statutory declaration that the action shall be for the benefit of the wife and child?

It is argued by the guardian that since the administratrix did not bring her action to trial and obtain from the jury a direction for the distribution of the damages, she waived any right she might have to more than one-third of the fund which would be hers if the New York statute of distribution should control. The trouble with this suggestion is that the statute of distribution has nothing to do with the case. If the law of this state provided that in intestacy the child or children should receive all the personal estate of the intestate, could it be possible that in the application of the English statute, which in creating the property right expressly declares the widow a beneficiary thereof, she could be wholly excluded? Is it not a fallacy to apply our statute of distribution in cases of intestacy to a fund to which that statute has no application? That the fund must be divided between the wife and child is plain from the only statute which can be considered, and it is equally plain that the only division contemplated is such as will be just and practical. If two persons are beneficially entitled to the enjoyment of a fund and nothing is known of the proportion of their claims thereto, there can only be an equal division.

There is no circumstance to show that the rights of the participants in this fund are disproportionate. At the time of the decedent's death the widow was 24 years of age. The child was 9 years of age. The general estate accounted for is $547.23, and the amount realized upon the compromise is $2,222.09. These facts do not deter the mind from equal division.

The expenses of the accounting should be borne generally by the general estate. The allowance to the special guardian, $75, should be charged upon the special estate.

Decreed accordingly.