In the Matter of the Estate of CHARLES H. BARKER, Deceased.

Surrogate's Court, Monroe County, October 3, 1929.

*C. A. Devoe*, for the administratrix.

*M. L. Sheffer*, special guardian.

FEELEY, S. This decedent on August 30, 1928, died as the result of bodily injuries received in an accident that occurred to him in the State of New York while in the discharge of his duties as a freight conductor of a train, which at the time was carrying goods billed to points on the employer's railroad outside the State of New York. He was earning between $175 and $200 a month. He was about forty-one years of age, and left him surviving a second wife, about thirty years of age. His only next of kin are

two children by his first wife, an unmarried daughter, twenty-one years of age, who for the past three years has been self-supporting and living by herself, and another daughter, now aged nineteen, who is married and keeping house with her husband apart from the father's home. Decedent died intestate.

Out of her own funds the widow paid $318 for funeral expenses, $330 on a note, $500 on a contract for an auto which the deceased was purchasing, and she also paid other debts of her husband. These outlays are said to aggregate a sum between $1,500 and $1,800.

The widow having been appointed by this court administratrix of her husband's estate, negotiations before any action was begun resulted in the employer making an offer of compromise whereby $6,000 is to be paid in settlement of any claim arising out of the death of the decedent; and this proceeding was then brought for approval of such settlement. A special guardian having been appointed for the minor daughter, the question arose as to the method in which the proceeds of such settlement should be divided. It was proposed by the administratrix that $1,000 each be given to the attorney and the two children, and that the widow retain the rest. Such division is not based on the Statute of Distribution, nor on the plan outlined in the State statute that created a cause of action for negligently causing death resulting in pecuniary loss to the statutory class of relatives for whose benefit such action is authorized. (Dec. Est. Law, § 130, as added by Laws of 1920, chap. 919, formerly Code Civ. Proc. § 1902.)

Although no action has been brought, any enforcement of such cause of action, whether in the State or the Federal courts, would be exclusively under and by virtue of the Federal Employers' Liability Act of 1908, as amended in 1910,* and would be governed by the Federal interpretation of that act. (Kent v. Erie R. R. Co., 228 N. Y. 94.) This Federal statute differs from our State statute (Dec. Est. Law, § 130) in that while both are intended to recompense the pecuniary loss, the State statute designates classes to take, regardless of the relative dependence on the deceased of each member of the class (Snedeker v. Snedeker, 164 N. Y. 58, 63), and directs distribution of a recovery in the same manner as if the recovery or compromise were " unbequeathed assets," whereas the Federal act simply awards damages to the representative for the benefit of the persons or classes named who are " dependent upon such employee," deceased. This has been interpreted to mean that such action against an interstate carrier by rail is not for the equal benefit of each of the surviving relatives for whose benefit

---

* See U. S. Code, tit. 45, chap. 2.

the suit is brought, but that the interest of each beneficiary must be measured by his or her individual pecuniary loss. (*Collins* v. *Pennsylvania R. R. Co.*, 163 App. Div. 452.) Under this statute, the jury must apportion such recovery among the parties interested to the extent that each of such parties is found dependent and to have suffered pecuniary loss accordingly, and while the judgment is for the gross amount as against the defendant, it specifies the amounts as apportioned among the parties for whose benefit the action is given. (*Gulf, Colorado & S. F. R. Co.* v. *McGinnis*, 228 U. S. 173, cited in *Collins Case, supra.*) An instance of such apportionment is found in an action in our State Supreme Court in the Fourth Department brought by *Stotz* v. *Director-General of Railroads* (193 App. Div. 968), wherein the jury specified four sums in their verdict, and the judgment thereon corresponded. It was once decided by a vote of four to three in *Matter of Taylor* (204 N. Y. 135) that a recovery under the Federal act must be distributed under our State statute as an unbequeathed asset, and not under the Federal statute. This ruling was reversed by the United States Supreme Court (*Taylor* v. *Taylor*, 232 U. S. 363), adopting the dissenting view below, in the Court of Appeals, that inasmuch as the State had delegated to the Congress as a matter of interstate commerce the right to create such a cause of action, unknown to common law, in interstate rail carrier cases, the Congress thereby also acquired the right " to dictate how and for whose benefit the damages which the representatives recovered under the statute should be distributed." (See, also, the notes in 12 A. L. R. 693, and 14 id. 528.)

There seems to be no reason why a court sitting without a jury, or one asked to approve a compromise of such cause of action, should not make the proper apportionment among the beneficiaries. In this case, there is no question as to the approval of the compromise with the employer for $6,000. As to the apportionment thereof, I concur in the learned special guardian's suggestion that the amount offered the minor is more favorable than she might recover on the score of personal dependence and individual pecuniary loss. The adult daughter, for the same reason, has agreed to accept a like sum.

Let an order be entered approving the compromise with the employer for $6,000, and also approving the compromise of the apportionment as between the beneficiaries so that after $1,000 shall have been paid the attorney and the sum of $40 to the special guardian, the balance be paid to the widow after two sums of $1,000 each have been deducted therefrom, one for the minor and the other for the adult daughter.