In the Matter of the ESTATE OF Matthew GEARHART, Deceased.

Corinne GEARHART, Individually, Appellant,

v.

Sarah GEARHART and Justin Gearhart, Appellees.

No. 97–1277.

Supreme Court of Iowa.

Sept. 23, 1998.

Michael A. Sciortino of Sciortino, Vannier & Rater, Council Bluffs, for appellant.

Russell S. Wunschel and Dee Ann Wunschel of the Wunschel Law Firm, P.C., Carroll, for appellees.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and TERNUS, JJ.

TERNUS, Justice.

This case involves the appropriate apportionment of settlement proceeds paid for a claim made under the Federal Employers' Liability Act (FELA) based on the death of Matthew Gearhart. *See* 45 U.S.C. §§ 51–60 (1994). The district court reasoned that the settlement proceeds were personal property of the estate and therefore, distribution of the proceeds was governed by Iowa Code section 633.336 (1997).[1] Accordingly, it awarded the decedent's adult children fifteen percent of the settlement amount. The decedent's widow considered this award excessive and appealed. The adult children cross-appealed, contending they were entitled to a total of twenty-five percent.

We think the settlement proceeds retained their identity as FELA benefits and therefore, the apportionment of these proceeds is governed by FELA, not state law. On our de novo review, we find the adult children have proved they were entitled to a recovery under FELA, but not in an amount equal to fifteen percent of the settlement. Therefore, we reverse and remand for entry of an order awarding Justin Gearhart $2000 and Sarah Gearhart $4000.

I. *Background Facts and Proceedings.*

Matthew Gearhart, an employee of the Union Pacific Railroad, died while in the course of his employment. He was survived by his spouse, appellant, Corinne Gearhart, their minor child, Emil, and two adult children from a prior marriage, Justin and Sarah. Corinne was appointed the executor of Matthew's estate.

---

1. Section 633.336 provides that wrongful death damages are disposed of as personal property of the estate, except any damages for loss of services and support are "apportioned by the court among the surviving spouse and children of the decedent in a manner as the court may deem equitable consistent with the loss of services and support sustained by the surviving spouse and children respectively."

After her appointment, Corinne made a claim under FELA for wrongful death damages, *see* 45 U.S.C. § 51, and eventually negotiated a substantial settlement with the railroad. In an application filed with the district court sitting in probate for approval of the settlement, Corinne asserted Matthew's adult children were not entitled to any of the settlement proceeds. Justin and Sarah did not contest the fairness of the settlement, but they did contend that they had a right to share in the amount recovered. Eventually, all interested parties filed a joint application seeking approval of the settlement. The parties specifically stated in the application that they had not yet agreed on the distribution of the settlement proceeds and would submit that issue to the court upon approval of the settlement. The court approved the settlement and the parties executed the release required by the railroad. The proceeds were placed in a bank account pending further order of the court.

An evidentiary hearing was subsequently held to determine the apportionment of the settlement monies. The court later issued an order distributing the proceeds sixty-five percent to Corinne, twenty percent to Emil, seven and one-half percent to Justin, and seven and one-half percent to Sarah. Although the district court found that Justin and Sarah had not shown they were entitled to more than nominal damages under FELA, the court concluded that its distribution of the settlement proceeds was governed by state law rather than FELA. The district court justified its apportionment of fifteen percent of the settlement to Justin and Sarah on the basis that Iowa law recognizes a loss of consortium claim on behalf of adult children, a claim not allowable under FELA. Corinne appealed, and Justin and Sarah cross-appealed.

## II. *Standard of Review.*

This matter was tried before the district court in probate as a proceeding in equity. Therefore, our review is de novo. *See* Iowa Code § 633.33. We will give weight to the trial court's findings of fact, especially those involving the credibility of witnesses, but we are not bound by them. *See* Iowa R.App. P.

14(f)(7). In addition, we are not bound by the district court's conclusions of law. *See Rouse v. Union Township,* 530 N.W.2d 714, 716 (Iowa 1995).

## III. *Issues on Appeal.*

Corinne argues that the distribution of settlement proceeds obtained under FELA are governed by FELA, not state law. Justin and Sarah do not attempt to sustain the district court's decision by arguing to the contrary. Rather, they claim Corinne expressly agreed in the release given to the railroad that this issue would be governed by state law. Alternatively, the adult children contend they have established their entitlement to damages under FELA. On their cross-appeal, Justin and Sarah assert they are entitled to twenty-five percent of the settlement, whether their damages are computed under FELA or state law.

## IV. *Law Governing Distribution of FELA Settlement Proceeds.*

We initially note that FELA is the exclusive remedy for injured railroad workers and their beneficiaries. *See New York Cent. & Hudson River R.R. v. Tonsellito,* 244 U.S. 360, 361–62, 37 S.Ct. 620, 621, 61 L.Ed. 1194, 1197 (1917). To the extent state laws attempt to govern an employer's liability to injured employees falling within the scope of FELA, the state laws are superseded. *See Michigan Cent. R.R. v. Vreeland,* 227 U.S. 59, 66, 33 S.Ct. 192, 194, 57 L.Ed. 417, 420 (1913); *In re Second Employers' Liability Cases,* 223 U.S. 1, 55, 32 S.Ct. 169, 177, 56 L.Ed. 327, 348 (1912). The rights protected by FELA are federal rights, and as such, are "protected by federal rather than local rules of law." *Bailey v. Central Vt. Ry.,* 319 U.S. 350, 352, 63 S.Ct. 1062, 1063, 87 L.Ed. 1444, 1447 (1943). Although state courts may apply the state's procedural law, they must apply the federal substantive law in FELA actions. *See Central Vt. Ry. v. White,* 238 U.S. 507, 511–12, 35 S.Ct. 865, 867, 59 L.Ed. 1433, 1436 (1915).

Consistent with the foregoing principles, the United States Supreme Court reversed a decision of the New York Court of Appeals in which proceeds obtained in settlement of a

FELA claim were distributed according to state law. *Taylor v. Taylor*, 232 U.S. 363, 371, 34 S.Ct. 350, 353, 58 L.Ed. 638, 642 (1914); *accord In re Barker's Estate*, 134 Misc. 833, 237 N.Y.S. 212, 213 (Sur.Ct.1929) (holding proceeds obtained in compromise settlement with railroad for employee's death should be apportioned among beneficiaries entitled to recover under FELA). Thus, the district court was clearly incorrect in determining that the settlement proceeds should be apportioned under state law. Therefore, we turn to Justin and Sarah's contention on appeal that Corinne agreed to have the FELA settlement distributed according to Iowa law.

### V. *Effect of Release.*

■ The release signed by the parties at the request of the railroad states that "[t]his agreement shall be governed by and construed in accordance with the law of the State of Iowa." This document makes no mention of the distribution or apportionment of the settlement proceeds.

The adult children point to no language in the release that would support interpreting the reference to "[t]his agreement" as including the apportionment issue. The mere fact that Corinne agreed to have the *release* construed under state law does not establish an agreement to have the disputed issue of how the settlement monies should be divided determined under state law, particularly since this issue was not even mentioned in the release. Thus, there is no factual basis to support a finding that Corinne agreed to have the settlement proceeds distributed in accordance with state law. Consequently, we now review the evidence to decide whether Justin and Sarah have proven damages under FELA.

### VI. *Proof of FELA Damages.*

■ A. *Recoverable damages.* Damages under FELA are restricted to the pecuniary or financial loss sustained by the decedent's surviving spouse and children.[2] *See Gulf, Colo., & Santa Fe Ry. v. McGinnis*, 228

U.S. 173, 175, 33 S.Ct. 426, 427, 57 L.Ed. 785, 786–87 (1913); *American R.R. Co. of Porto Rico v. Didricksen*, 227 U.S. 145, 149, 33 S.Ct. 224, 225, 57 L.Ed. 456, 457–58 (1913). Loss of society and companionship is not a pecuniary loss under FELA. *See Didricksen*, 227 U.S. at 150, 33 S.Ct. at 225, 57 L.Ed. at 458. "In the absence of evidence that an adult child is either dependent upon or had any reasonable grounds for expecting any pecuniary benefit from a continuance of the decedent's life, a recovery on behalf of such child is excluded." *Thompson v. Camp*, 163 F.2d 396, 403 (6th Cir.1947). Moreover, the existence of a reasonable expectancy " 'must be grounded on reasonably continuous past acts or conduct of [the] deceased.' " *Rival v. Atchison, Topeka & Santa Fe Ry.*, 62 N.M. 159, 306 P.2d 648, 655 (1957) (quoting 25 C.J.S. *Death* § 26 (now found at 25A C.J.S. *Death* § 26(1), at 624 (1966))). Thus, one court has noted that "[t]he amount of contribution by the decedent during his lifetime to the claimed beneficiary has a direct bearing on the issue of reasonable expectation of pecuniary benefit." *Cleveland Tankers, Inc. v. Tierney*, 169 F.2d 622, 624 (6th Cir.1948).

The Sixth Circuit Court of Appeals considered whether two adult daughters of the decedent were entitled to compensation under FELA in *Kozar v. Chesapeake & Ohio Railway*, 449 F.2d 1238, 1243 (6th Cir.1971). In that case a $5000 award to the adult children was contested on the basis there was no evidence to reasonably infer they would have obtained a financial benefit from the continuation of the decedent's life. *Kozar*, 449 F.2d at 1243. One daughter testified her father had given her $1000 as a wedding gift and she "relied upon him for advice and counsel." *Id.* The second daughter acknowledged that she had financed her own college education and when her father died, she was living with her mother pending her imminent marriage. *Id.* The court of appeals held neither daughter was dependent upon their father. *Id.* Further, the court stated that

---

**2.** If there are no surviving spouse or children, the employee's parents have a claim for damages. *See* 45 U.S.C. § 51. If the decedent's

parents are also no longer living, the claim for wrongful death passes to "the next of kin dependent upon [the] employee." *Id.*

evidence of an occasional gift and casual advice standing alone does not provide reasonable grounds sufficient to support a recovery for pecuniary loss. Where the fact of damage is uncertain, the rule that precludes the recovery of uncertain and speculative damages applies.

*Id.* Finding the evidence of pecuniary loss insufficient, the court reversed the award made to the adult children. *Id.* at 1244.

■ **B.** *Evidence of pecuniary loss.* The record here shows a close and loving relationship between Justin and Sarah and their father. Although Justin and Sarah had moved to New York with their mother upon their parents' divorce in 1985, they had maintained regular contact with their father. Matthew sent them birthday and Christmas gifts. During their minority, he paid for Justin and Sarah to fly back to Iowa every summer for an extended visit and he took them on family vacations.

At the time of Matthew's death, Justin was twenty and Sarah was eighteen. Justin had completed two years at a community college; his college expenses had been paid primarily from his earnings or by his mother. Sarah had dropped out of high school, but she testified she intended to obtain a GED and then attend college. Both children resided with their mother. The only evidence of financial support given by Matthew to Justin and Sarah as adults is meager. Matthew paid for some portion of one semester of college for Justin and helped Justin with repairs to his car on one occasion. The record is silent on the actual dollar amount of this assistance, although there is some evidence that tuition at the community college was $1000 per semester.

We agree with the district court's factual finding that Justin and Sarah failed to prove a reasonable expectancy of *"significant* financial support" from their father. (Emphasis added.) Consequently, we cannot affirm the district court's award to them of fifteen percent of the sizeable settlement paid by the railroad. On the other hand, we think the adult children have proven they sustained a small pecuniary loss as a result of their father's death. Based on the decedent's financial support of Justin's past educational endeavors and considering the years of higher education potentially remaining for each child, we award Justin $2000 and Sarah $4000.

VII. *Summary and Disposition.*

Distribution of the settlement proceeds is governed by FELA. Accordingly, the decedent's adult children may share in these proceeds only if they prove they have suffered a pecuniary loss as a result of their father's untimely death. We find they have shown a small pecuniary loss. Therefore, we reverse that portion of the district court's order distributing fifteen percent of the settlement monies to the adult children of the decedent. We remand for entry of an order awarding $2000 to Justin and $4000 to Sarah to be paid from the monies deposited in the bank account. The balance of the disputed fifteen percent shall be apportioned to the decedent's widow. We leave the remainder of the district court's order undisturbed.

**REVERSED AND REMANDED WITH DIRECTIONS.**