**Kent STEWART, Appellant,**

v.

**Diana L. DeMOSS, Personal Representative of The Estate of Kendra L. Pearson, Appellee.**

**No. 97–2144.**

Supreme Court of Iowa.

March 24, 1999.

Paul D. Hietbrink and Miranda L. Hughes of Brown, Winick, Graves, Gross, Baskerville & Schoenebaum, Des Moines, for appellant.

Garold F. Heslinga of Heslinga, Heslinga, Dixon & Smith, Oskaloosa, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

LAVORATO, Justice.

In this probate proceeding we must decide whether the claimant, Kent Stewart, filed his claim in a timely manner. The district court found he did not and dismissed the claim after the executor had disallowed it on the grounds that it was barred by the statute of limitations. Stewart appealed, and we transferred the case to the court of appeals. The court of appeals reversed, concluding that Stewart had filed the claim in a timely manner. On our further review, we agree with the court of appeals. We therefore affirm the court of appeals decision, reverse the district court's judgment of dismissal, and remand.

## I. Facts and Proceedings.

On April 17, 1993, Stewart and Kendra L. Pearson purchased a 1993 Astro van and financed it through General Motors Acceptance Corporation (GMAC). The couple took title to the vehicle as joint tenants with rights of survivorship.

Stewart and Pearson were engaged to be married prior to Pearson's death on February 20, 1995. Pearson's will was admitted to probate on March 21, 1995. Diana L. De-Moss was appointed executor on March 21, 1995. The executor published notice of probate of the will, appointment of executor, and notice to creditors on March 30 and April 6, 1995.

At the time of Pearson's death, the outstanding balance on the debt to GMAC regarding the Astro van was $17,790.46. On May 27, 1995—about seven weeks after the last publication of notice of probate—Stewart paid off the outstanding balance due GMAC. On July 18, 1996, Stewart filed a claim in Pearson's estate for one-half of this amount plus interest. The estate was still open when Stewart paid off GMAC. At no time before this payment did the executor mail Stewart

notice of the probate of Pearson's estate and of the executor's appointment.

Iowa Code section 633.410 (1995) provides that all claims against the estate are barred unless filed within the "later to occur of four months after the date of last publication of the notice to creditors, or as to each claimant whose identity is reasonably ascertainable, one month after service of notice by ordinary mail to the claimant's last known address."

Relying on the short statute of limitations in section 633.410, the executor denied Stewart's claim on July 26, 1996. Thereafter, Stewart requested a hearing. The parties submitted the matter to the district court on stipulated facts. The court found that Stewart was not a claimant whose identity was reasonably ascertainable. For that reason, the court concluded the executor was not required to mail Stewart notice by ordinary mail pursuant to section 633.410. The court therefore determined that the four-month period for filing claims applied. Because Stewart filed his claim some fifteen months after the second publication of notice, the court concluded the claim was untimely.

Stewart appealed, and we transferred the case to the court of appeals, which reversed. The court held that Stewart was a reasonably ascertainable claimant and was therefore entitled to a separately mailed notice pursuant to section 633.410. Because Stewart had not received such a notice, the court concluded he had filed his claim in a timely manner pursuant to that section.

We granted the executor's application for further review.

## II. The Issue.

■ The issue we must decide is whether Stewart filed his claim in a timely manner. Because probate claims are tried as a law action, our review is for correction of errors at law. *See In re Estate of Voelker*, 252 N.W.2d 400, 402 (Iowa 1977). The district court tried this case on stipulated facts. Our review is therefore limited to assigned error in the district court's application of law pertinent to the controversy. *City of Hawarden v. US West Communications, Inc.*, 590 N.W.2d 504, 506 (Iowa 1999).

**A. Contribution.** Before turning to the merits on the issue before us, we must first address the issue whether Stewart even had a claim against the estate. We think that question was answered in *In re Estate of Tollefsrud*, 275 N.W.2d 412 (Iowa 1979). Applying principles of contribution, this court held in *Tollefsrud* that the husband's estate remained liable for one-half of the joint obligation even though the home that secured the debt passed to the surviving spouse by virtue of joint tenancy. *Id.* at 419 (holding that contribution is a right that flows from the debt and is not affiliated with the security).

■ The *Tollefsrud* rule has been applied to personal property. *See In re Estate of Thomas*, 454 N.W.2d 66, 71 (Iowa App.1990) (applying the *Tollefsrud* rule to circumstances in which the debt was secured by a vehicle, title to which passed to the surviving joint tenant).

■ Though *Tollefsrud* answers the question whether Stewart had a claim against the estate, the question still remains when the claim became complete and enforceable. On this point, it is generally agreed that

> [w]hile it is true that a common burden or obligation resting upon the parties is essential to the accrual of the right of contribution, no cause of action therefore arises merely because of the relationship of the parties or because of the claimant's liability on such obligation. The right to contribution is inchoate or subordinate from the time of the creation of the relationship giving rise to the common burden until the time of payment by a co-obligor of more than his proportional share.... Or, stated in terms applicable to actions at law, the implied promise to contribute is considered as made at the time the common liability is assumed, and the right to sue thereon arises when a party has paid or satisfied the whole of the obligation or more than his share thereof. *Until then a claim for contribution is contingent only.*

18 Am.Jur.2d *Contribution* § 11, at 19–20 (1985) (emphasis added) (footnotes omitted). Thus, until Stewart paid more than his share of the debt to GMAC, his claim for contribu-

tion against Pearson's estate was a contingent claim.

■ **B. The merits.** Iowa Code section 633.410 pertinently provides in part:

All claims against a decedent's estate, other than charges, whether due or to become due, absolute or *contingent,* liquidated or unliquidated, founded on contract or otherwise, are forever barred against the estate, the personal representative, and the distributees of the estate, unless filed with the clerk within the later to occur of four months after the date of the second publication of the notice to creditors or, *as to each claimant whose identity is reasonably ascertainable, one month after service of notice by ordinary mail to the claimant's last known address.* However, notice is not required to be given by mail to any creditor whose claim will be paid or otherwise satisfied during administration and the personal representative may waive the limitation on filing provided under this section.

*Id.* (emphasis added). Thus, if the identity of a claimant is reasonably ascertainable, the claimant's claim is not barred until one month after service of notice by ordinary mail to the claimant's last known address.

To uphold the district court's ruling, the executor relies on the rule that the right to contribution becomes complete and enforceable only upon a payment by the claimant discharging the common obligation. Applying this rule to the facts here, the executor insists Stewart had no claim against the estate until Stewart paid off GMAC. Stewart did not let the estate know that he had paid the debt until long after the four-month period of limitations had passed. For this reason, the executor claims, she had no way of knowing that Stewart had become a creditor of the estate during the four-month period of limitations. Thus, the executor concludes, there was substantial evidence supporting the district court's finding that Stewart was not a reasonably ascertainable claimant, and for that reason, he was not entitled to written notice.

The problem with this argument is that the executor ignores the broad description of claims in section 633.410. In that provision,

"claims" include those that are "contingent." It is true that until a co-obligor pays more than his or her proportional share of the common debt, the claim for contribution is merely contingent. Nevertheless, a claim for contribution, which is contingent, is clearly one to which section 633.410 speaks.

■ Here, the stipulated facts state that "the executor was aware of the claimant's claim with regard to the GMAC contract not later than April 1, 1995." This was some five days before the publication of the second notice to creditors. The contract, which is attached to the stipulation, shows that the deceased and Stewart were joint obligors to GMAC. The contract also provides for monthly payments of $432.82. Thus, the executor was aware of Stewart's contribution claim. She was also aware that, as Stewart made monthly payments, his right to contribution would become complete and enforceable as to one-half of the payments.

Under these facts, contrary to the district court ruling, Stewart was a reasonably ascertainable claimant entitled to notice by ordinary mail pursuant to section 633.410. Our conclusion flows from a mixed question of fact and law. We have reached our legal conclusion that Stewart was a reasonably ascertainable claimant based on the stipulated facts, the same facts the district court relied on to reach an opposite conclusion. The flaw in the district court's reasoning was ignoring the legal status of a contribution claim as a "contingent claim," clearly covered by section 633.410. *See In re Estate of Gearhart,* 584 N.W.2d 327, 329 (Iowa 1998) (holding that appellate court is not bound by the district court's conclusions of law).

Iowa Code section 633.304 arguably covers Stewart's claim. This provision requires notice "at any time during the pendency of administration that the executor has knowledge of the name and address of a person believed to own or possess a claim that will not or may not be paid or otherwise satisfied during administration." Iowa Code § 633.304. Because Stewart has never asserted the application of this statute to his claim, we express no opinion on whether the statute applies.

### III. Disposition.

In sum, we conclude the executor was aware of Stewart's claim for contribution within the four-month limitations period in section 633.410. Thus, Stewart was a claimant whose identity was reasonably ascertainable. Accordingly, he was entitled to the section 633.410 written notice. Stewart received no such notice, and therefore his claim was filed in a timely manner. We affirm the court of appeals decision, reverse the district court's judgment of dismissal, and remand for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**