In the Matter of the ESTATE OF
Wilbur Dean THOMANN,
Deceased.

Lois Williams, Executor of the Estate
of JoAnn Elizabeth Thomann,
Deceased, Appellee,

v.

Dennis Thomann, Chris Shepard, Deanna Egbert, Teresa Woods and Beth Luke, Beneficiaries of the Estate of Wilbur Dean Thomann, Appellants.

No. 01–0664.

Supreme Court of Iowa.

July 17, 2002.

David S. Gorham of Morrison, Lloyd, McConnell, Mullins, Davis & Gorham, L.L.P., Washington, for appellants.

John N. Moreland and Timothy J. McKay of Harrison, McKay, Moreland & Webber, P.C., Ottumwa, for appellee.

TERNUS, Justice.

Wilbur (Dean) Thomann murdered his wife, JoAnn Thomann, and then committed suicide. At the time of their deaths, the couple held farmland and some bank accounts in joint tenancy. This case involves a dispute between Dean's heirs and the executor of JoAnn's estate with respect to inheritance of this property. The district court ruled that all the joint tenancy property, including the farm, passed to JoAnn's estate pursuant to Iowa's felonious death statute, Iowa Code section 633.535 (1999).

Dean's heirs appeal. Upon our review of the statute, we conclude section 633.535(2) effects a severance of the joint tenancy and creates a tenancy in common. Thus, each tenant's share passes to that tenant's heirs. We decline the invitation of JoAnn's estate to impose a constructive trust on Dean's share. Accordingly, we reverse the decision of the district court and remand the case for a determination of the extent and value of each tenant's undivided interest in the property.

I. *Background Facts and Proceedings.*

Dean and JoAnn Thomann were married in 1982. It was a second marriage for both; each had children from their prior marriages. During their marriage they resided on a farm owned by Dean's mother. In 1988, Dean's mother died. Dean then purchased the farm on which he and JoAnn resided with an inheritance he received from his mother's estate. In 1990, Dean executed a warranty deed that conveyed the property to both of them as joint tenants. The couple also held certain bank accounts in joint tenancy.

On August 14, 2000, Dean murdered JoAnn in their home and then killed himself. They died testate, each having executed a will in 1990. Under Dean's will, his property passed to JoAnn, if she survived him, and to his five children, if JoAnn did not survive him. JoAnn's will made a similar disposition of her property. If Dean survived her, he inherited her property; if he did not survive her, her property went to her children and stepchildren. (These stepchildren were not Dean's children.)

Both wills were admitted to probate. The executor of JoAnn's estate, appellee, Lois Williams, filed an application in Dean's estate requesting a determination that all jointly held property of the couple was the property of JoAnn's estate. Dean's heirs, appellants, Dennis Thomann, Chris Shepard, Deanna Egbert, Teresa Woods, and Beth Luke, resisted.

After a hearing, the district court found that Dean had intentionally and unjustifiably killed JoAnn. Relying on Iowa Code section 633.535(1), the court held that JoAnn was "to be recognized as the surviving owner of all jointly owned property." The post-trial motion of Dean's heirs was overruled and this appeal followed.

On appeal, Dean's heirs challenge the trial court's interpretation of the pertinent statute, Iowa Code section 633.535, as well as the constitutionality of the court's application of the statute, claiming that it worked an unauthorized forfeiture. We find it necessary to address only the issue of statutory interpretation, as our resolution of that issue renders the constitutional challenge moot.

II. *Legal Principles Governing Our Review.*

A. *Standard of review.* Because this action was tried in probate as a proceeding in equity, our review is de novo. *See In re Estate of Gearhart,* 584 N.W.2d 327, 329 (Iowa 1998); Iowa Code § 633.33. Although the trial court's findings of fact are not binding on us, *see In re Estate of Gearhart,* 584 N.W.2d at 329, we

will not engage in any factual review here because neither party contests the trial court's factual determinations. Rather, the issue in dispute is one of statutory interpretation. Our review of questions of statutory interpretation is for the correction of legal error. *See State v. Hippler,* 545 N.W.2d 568, 570 (Iowa 1996). We are not bound by the trial court's legal conclusions. *See State v. Francois,* 577 N.W.2d 417, 417 (Iowa 1998).

■■■ B. *Relevant principles of statutory construction.* Our primary goal in interpreting a statute is to give effect to the legislature's intention. *See State v. Iowa Dist. Ct. for Black Hawk County,* 616 N.W.2d 575, 578 (Iowa 2000). We "construe statutes that relate to the same or a closely allied subject together so as to produce a harmonious and consistent body of legislation." *State v. Casey's Gen. Stores, Inc.,* 587 N.W.2d 599, 601 (Iowa 1998). We presume the legislature intended a reasonable result, not an absurd one. *Iowa Dist. Ct. for Black Hawk County,* 616 N.W.2d at 578.

■■■ In the absence of a statutory definition or an established meaning in the law, words in a statute are given their ordinary and common meaning. *See* Iowa Code § 4.1(38). We also consider the context within which the words are used. *See Id; State v. Carter,* 582 N.W.2d 164, 166 (Iowa 1998). Moreover, it is presumed that the legislature inserted every part of a statute for a purpose. *Miller v. Westfield Ins. Co.,* 606 N.W.2d 301, 305 (Iowa 2000). Therefore, we avoid interpreting a statute so as to render a portion of it redundant or irrelevant. *T & K Roofing Co. v. Iowa Dep't of Educ.,* 593 N.W.2d 159, 162–63 (Iowa 1999).

Where a general statute and a special statute are relevant, we attempt to construe them so as to give effect to both. Iowa Code § 4.7; *Citizens' Aide/Ombudsman v. Miller,* 543 N.W.2d 899, 903 (Iowa 1996). When that is not possible, the provisions of the more specific statute control. Iowa Code § 4.7; *Christenson v. Iowa Dist. Ct. for Polk County,* 557 N.W.2d 259, 262–63 (Iowa 1996).

III. *Felonious Death Statute and Contentions of Parties.*

Through 1987, Iowa's felonious death statute was contained in one paragraph. It stated:

No person who feloniously takes or causes or procures another to take the life of another shall inherit from such person, or receive any interest in the estate of the decedent as surviving spouse, or take by devise or legacy from the decedent, any portion of the decedent's estate.

Iowa Code § 633.535 (1987). In 1987, the Iowa legislature amended the statute to substantially its current form, significantly broadening its scope. 1987 Iowa Acts ch. 9, § 1. Section 633.535 now provides:

1. A person who intentionally and unjustifiably causes or procures the death of another shall not receive any property, benefit, or other interest by reason of the death as an heir, distributee, beneficiary, appointee, or in any other capacity whether the property, benefit, or other interest passed under any form of title registration, testamentary or nontestamentary instrument, intestacy, renunciation, or any other circumstance. The property, benefit, or other interest shall pass as if the person causing death died before the decedent.

2. A joint tenant who intentionally and unjustifiably causes or procures the death of another joint tenant which affects their interests so that the share of the decedent passes as the decedent's property has no rights by survivorship.

This provision applies to joint tenancies and tenancies by the entireties in real and personal property, joint and multiple-party accounts in banks, savings and loan associations, credit unions, and other institutions, and any other form of co-ownership with survivorship rights.

3. A named beneficiary of a bond, life insurance policy, or any other contractual arrangement who intentionally and unjustifiably causes or procures the death of the principal obligee or person upon whose life the policy is issued or whose death generates the benefits under any other contractual arrangement is not entitled to any benefit under the bond, policy, or other contractual arrangement, and the benefits become payable as though the person causing death had predeceased the decedent.

Iowa Code § 633.535 (1999).

Whereas the prior statute applied only to inherited interests and interests passing through the decedent's estate, the new statute addresses three situations in which a murderer is denied the benefit of his felonious act. Specifically, subsection (1) prevents a murderer from receiving in any capacity "any property, benefit, or other interest by reason of the death" of the victim, regardless of how the property, benefit, or interest passes. *Id.* § 633.535(1). This subsection further provides that any such property, benefit, or interest passes as though the murderer died first. *Id.* Subsection (2) addresses joint tenancy property, and, stripped to its essentials, provides that when one joint tenant kills the other joint tenant the murderer "has no rights by survivorship" and the decedent's share of the joint tenancy property "passes as the decedent's property." *Id.* § 633.535(2). Finally, subsection (3) is concerned with bonds, life insurance policies or other contracts on which the slayer is a designated beneficiary; it pre-

vents the slayer from receiving any benefit under such bonds, policies, or contracts by virtue of the victim's death.

Dean's heirs assert that subsection (2) governs the disposition of joint tenancy property, not subsection (1). They argue further that under subsection (2), only Dean's rights of survivorship are lost, not his undivided interest in the joint tenancy property. The heirs contend subsection (2) has the effect of terminating the joint tenancy, causing each tenant's undivided interest to pass through that tenant's estate. They ask this court to remand this case so the district court can determine the extent and value of each tenant's undivided interest in the joint tenancy property.

The executor of JoAnn's estate contends the district court correctly interpreted the statute. First, she argues that subsection (2) does not terminate the joint tenancy and that it should be interpreted to divest the murderer of *any* interest in the joint tenancy property. Alternatively, the executor claims that pursuant to subsection (1) the joint tenancy property should pass as though Dean died before JoAnn, thereby allowing JoAnn's estate to inherit Dean's share of the joint tenancy property as the primary beneficiary under Dean's will. Finally, the executor asks that, if section 633.535 does not require Dean's share of the joint tenancy property to pass to JoAnn, the court should impose a constructive trust on Dean's share for the benefit of JoAnn's estate.

IV. *Discussion.*

A. *Joint tenancy.* Before considering the application of subsections (1) and (2) to the property at issue here, it is necessary to understand the nature of joint tenancy property under Iowa law. "Joint tenancy property is property held by two or more parties jointly, with equal

rights to share in the enjoyment of the whole property during their lives, and a right of survivorship which allows the surviving party to enjoy the entire estate." *In re Estate of Kirk*, 591 N.W.2d 630, 634 (Iowa 1999). We have described a joint tenant's right in joint tenancy property as " 'an undivided interest in the entire estate to which is attached the right of survivorship.' " *Anderson v. Iowa Dep't of Human Servs.*, 368 N.W.2d 104, 109 (Iowa 1985) (quoting *Brown v. Vonnahme*, 343 N.W.2d 445, 451 (Iowa 1984)). It is the right of survivorship that is the distinguishing feature of a joint tenancy. *See Brown*, 343 N.W.2d at 451.

 A joint tenant's survivorship interest is also known as the accretive interest, and the tenant's undivided interest is also called the proportional interest. *In re Estate of Lamoureux*, 412 N.W.2d 628, 631 (Iowa 1987).

> The proportional interest is the joint tenant's interest which comes from the creation of the joint tenancy which necessarily occurs before the death of another joint tenant. The accretive interest, on the other hand, is the interest the survivor receives at the death of a joint tenant. Thus, where two joint tenants have an interest in property and one joint tenant dies, the surviving joint tenant has a one-half proportional interest and a one-half accretive interest.

*In re Estate of Kirk*, 591 N.W.2d at 634–35. Notwithstanding the undivided nature of the tenants' proportional interests, each tenant's precise share of the undivided interest may be determined. *Anderson*, 368 N.W.2d at 109. There is a presumption that joint tenants hold the property in equal shares. *Id.; Frederick v. Shorman*, 259 Iowa 1050, 1056, 147 N.W.2d 478, 482 (1966). This presumption may, nonetheless, be rebutted. *Anderson*, 368 N.W.2d

at 109; *Schroeder v. Todd*, 249 Iowa 139, 145, 86 N.W.2d 101, 104 (1957).

 Also of significance to the present dispute is the ability of joint tenants to sever a joint tenancy.

> "A conversion of the joint tenancy into a tenancy in common may be effected by the concerted action of all joint tenants as well as by the act of one or less than all of them. Conduct or mutual agreement between joint tenants making disposition of the property may convert the joint tenancy into a tenancy in common, even though such conversion was uncontemplated."

*In re Baker's Estate*, 247 Iowa 1380, 1387, 78 N.W.2d 863, 867 (1956) (quoting Note, *Legal Consequences of the Severance of a Joint Tenancy*, 32 Iowa L.Rev. 539, 541 (1947)). Thus, a joint tenancy may be terminated by one party's conveyance of the interest of that joint tenant, as well as by mutual agreement. *See In re Estate of Bates*, 492 N.W.2d 704, 706 (Iowa Ct.App. 1992). Property held in joint tenancy is not, however, devisable by will. *In re Estate of Kokjohn*, 531 N.W.2d 99, 102 (Iowa 1995). Any severance of a joint tenancy creates a tenancy in common. *See Frederick*, 259 Iowa at 1060, 147 N.W.2d at 484.

 B. *Application of section 633.535.* We start with subsection (2), as that provision expressly applies to joint tenancy property. Initially, we observe that this statute is not a model of clarity. The confusion arises from the legislature's reference to the felonious act of a joint tenant that affects the interests of the joint tenants "so that the *share* of the decedent passes as the *decedent's* property." Iowa Code § 633.535(2) (emphasis added). Under our joint tenancy law, however, the death of one joint tenant would cause the *entire* joint tenancy property to pass to the *survivor;* it would not

cause the decedent's *share* to pass as the *decedent's* property. Only if the joint tenancy were severed would "the share of the decedent pass as the decedent's property."

Considering the fact that the legislature also expressly eliminated the murderer's right of survivorship, the hallmark characteristic of a joint tenancy, we think the legislature must have intended that one joint tenant's murder of the other joint tenant severs the joint tenancy and creates a tenancy in common. 1 Sheldon F. Kurtz, *Kurtz on Iowa Estates* § 4.51, at 210 (3d ed.1995) (referring to language of section 633.535(2) as meaning "the joint tenancy is converted ·into a tenancy in common"). Termination of the joint tenancy eliminates the murderer's survivorship or accretive interest, and the creation of a tenancy in common causes the proportional interest "of the decedent" to pass through the decedent's estate and causes the murderer's proportional interest to remain the property *of the murderer.* This result is consistent with the absence of any language in subsection (2) that requires forfeiture of the murderer's right to his proportional interest.[1]

We hold, therefore, that the effect of section 633.535(2) is a conversion of the joint tenancy into a tenancy in common. As applied here, that means JoAnn's share of the joint tenancy property passes through her estate and Dean's share of the joint tenancy property passes through his estate.

■ Having determined the consequences of applying subsection (2) to the situation before us, we turn to the executor's contention that subsection (1) requires that Dean's proportional interest in the joint tenancy property pass as though he predeceased his victim. The executor relies on the final sentence of subsection (1) that provides: "The ... interest shall pass as if the person causing death died before the decedent." Iowa Code § 633.535(1). She argues that JoAnn should be deemed to have survived Dean and, under this scenario, Dean's share of the joint tenancy property would pass to JoAnn's estate since JoAnn was the primary beneficiary under Dean's will.

Contrary to the executor's argument, the last sentence of subsection (1) does not require as a general proposition that any and all property of the murderer pass as though the murderer predeceased the victim. Subsection (1), after preventing the murderer from obtaining any property, benefit or interest by reason of the victim's death, provides for the disposition of such property, benefit or interest: "*The* property, benefit or other interest shall pass as if the person causing death died before the decedent." *Id.* (emphasis added). The "property," "benefit," or "interest" referenced in this sentence is the interest that the murderer is *prevented* from acquiring by reason of the victim's death. Here, as we have already determined, Dean is not prevented from retaining his share of the joint tenancy property, only JoAnn's share.

---

1. The legislature's decision to treat joint tenancy property as though it were held as tenants in common for purposes of the felonious death statute is also consistent with its treatment of such property for purposes of inheritance tax. Under Iowa Code section 450.3(5) (1999), only a surviving joint tenant's accretive interest is taxable. *In re Estate of Kirk,* 591 N.W.2d at 635. That "is because the proportional interest belonged to the surviving joint tenant prior to the death of the other joint tenant." *Id.* Similarly, Iowa Code section 633.704(1), which permits disclaimer of an interest held in joint tenancy, has been interpreted to allow a joint tenant to disclaim an interest only in that tenant's accretive interest, not in his or her proportional interest. *Id.* The rationale for this interpretation is that a disclaimer can only apply "to property which passes upon death to the disclaimant, not to property owned by the disclaimant prior to the death." *Id.*

Thus, it is *JoAnn's* proportional interest that must "pass as if the person causing death died before the decedent," not *Dean's* proportional interest.

To interpret subsection (1) as preventing Dean from retaining his share of the joint tenancy property would result in a direct conflict with subsection (2), as we have interpreted that statute. This result would be contrary to our rules of statutory interpretation that require us to construe a general provision—here subsection (1)— and a special provision-here subsection (2)—so as to give effect to both. *See id.* § 4.7. In addition, to the extent such statutes are irreconcilably in conflict, the special statute, subsection (2), prevails. *See id.* Therefore, we conclude subsection (1) does not mandate that Dean's interest in the joint tenancy property pass to JoAnn's estate. Instead pursuant to subsection (2), the joint tenancy is severed and the property passes as though Dean and JoAnn held it as tenants in common.

 C. *Constructive trust.* The executor requests, in the event this court holds that JoAnn's estate is not entitled to all of the joint tenancy property under section 633.535, that the court impose a constructive trust on Dean's share of the joint tenancy property. "A constructive trust is an equitable remedy courts apply to provide restitution and prevent unjust enrichment." *Berger v. Cas' Feed Store, Inc.,* 577 N.W.2d 631, 632 (Iowa 1998) (citation omitted). It is imposed "because the person holding title to the property would profit by a wrong or would be unjustly enriched if he or she were permitted to keep the property." *Cox v. Waudby,*

433 N.W.2d 716, 720 (Iowa 1988) (emphasis omitted).

We do not think it is appropriate to apply a constructive trust under the circumstances of this case. A murderer's rights in joint tenancy property were specifically addressed by the legislature in section 633.535(2). The general assembly decided that property held in joint tenancy by the murderer and the victim should pass as though held as tenants in common. The legislature could arguably have treated joint tenancy property as it did inheritances from the victim under subsection (1); it could have provided that the murderer be deemed to have predeceased the victim.[2] It chose not to do so and there is logic in this decision. Unlike an inheritance that the murderer will not receive until the victim dies, the murderer can obtain his proportional share of joint tenancy property during the victim's lifetime. In addition, unlike an inheritance in which the prospective beneficiary/murderer has no ownership interest prior to the victim's death, the murderer owns his proportional interest in joint tenancy property from the moment the joint tenancy is established.

In summary, the legislature has made a policy decision to deny a joint tenant who causes the death of his co-tenant only his accretive interest in the joint tenancy property. We think it would be improper for this court to substitute its judgment for that of the legislature by imposing a constructive trust on the murderer's proportional share, thereby judicially amending section 633.535(2). Accordingly, we reject the executor's claim that a constructive

**2.** We express no opinion on whether the legislature's hypothetical divestiture of a joint tenant's proportional interest would be an unconstitutional forfeiture. *Compare In re Estate of Shields,* 1 Kan.App.2d 688, 574 P.2d 229, 233 (1977) (indicating murderer's loss of undivided interest would constitute an unconstitutional forfeiture), *with In re Estate of Fiore,* 16 Ohio App.3d 473, 476 N.E.2d 1093, 1097 (1984) (holding statute requiring that murderer be deemed to have predeceased victim, thereby entitling victim to all joint tenancy property, was not an unconstitutional forfeiture).

trust should be imposed on Dean's share of the joint tenancy property.

## V. *Summary and Disposition.*

Pursuant to Iowa Code section 633.535(2), Dean lost his survivorship rights in property held jointly with JoAnn. In addition, this statute had the effect of converting the joint tenancy property into property held as tenants in common. Therefore, Dean's share of the property, or proportional interest, passes through his estate and JoAnn's share, or proportional interest, passes through her estate. The trial court erred in holding that JoAnn's estate was the owner of all joint tenancy property.

As we noted earlier in this opinion, although there is a presumption that joint tenants hold property in equal shares, that presumption is rebuttable. Therefore, it is necessary to remand this case to the district court for a determination of the extent and value of the respective shares of Dean and JoAnn in the joint tenancy property at issue here.

We reverse the district court's declaratory ruling that Dean and JoAnn's joint tenancy property passed to JoAnn. We remand for entry of a declaratory judgment consistent with this opinion and for a determination of the extent and value of each joint tenant's share.

**REVERSED AND REMANDED.**